THE PEOPLE *ex rel.* George A. James, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. MUNICIPAL CORPORATIONS—*a petition to disconnect territory must be presented by owner of land.* A petition to disconnect territory from a village must be presented by the owner of the land, and a petition presented by a tenant not shown to be authorized to act for the owner is not sufficient.

2. SAME—*when village is not estopped to attack validity of ordinance disconnecting territory.* A petition to disconnect territory, signed by the lessee of the owner of the land, is, in the absence of any authority to the lessee to act for the owner, no petition at all; and the fact that the village passes an ordinance purporting to disconnect the territory does not preclude it from attacking the validity of the ordinance upon an application for judgment of sale for subsequent taxes on the land.

3. COLLATERAL ATTACK—*what is essential to preclude collateral attack upon a petition.* The rule that defects and informalities in a petition are cured, as respects collateral attack, by the action of an inferior body, whose limited jurisdiction is called into exercise by the petition, in determining the sufficiency of such petition, is limited to cases where the petition is presented by some one authorized to present it by the law giving such body jurisdiction to act upon it.

APPEAL from the County Court of Kane county; the Hon. FRANK G. PLAIN, Judge, presiding.

HOPKINS, PEFFERS & HOPKINS, for appellant.

FRANK R. REID, State's Attorney, E. B. QUACKENBUSH, and JOHN R. POWERS, (HIRAM I. KECK, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The county collector of Kane county made application to the county court of said county for a judgment against certain property of appellant for delinquent village taxes

of the village of Montgomery for the year 1906. Appellant appeared and filed objections to such judgment being entered. Its objections were that its property against which judgment was asked for village taxes was not situated within the limits of the village of Montgomery; that it had been disconnected from said village by said village authorities in 1903, since which time it had been outside the corporate limits of said village and was not subject to taxation by the village authorities. The objections were overruled and judgment rendered against appellant's property for the delinquent tax, from which judgment this appeal is prosecuted.

In support of its objections the appellant offered in evidence what purported to be the petition of the Chicago, Burlington and Quincy Railroad Company, a corporation existing under and by virtue of the laws of the State of Illinois, praying that certain property therein described, of which it was the owner, be disconnected from the village of Montgomery. This petition was filed with the president of the village board June 22, 1903. Appellant also offered in evidence an ordinance adopted by the village board August 3, 1903, which, after reciting the presentation of the petition and designating the land by the same description used in the petition, ordained that it "be and the same is hereby disconnected from such corporate limits of the village of Montgomery, Illinois." The validity of the ordinance was objected to by appellee on several grounds. The only ground of objection we deem necessary to discuss is, that no petition was presented to the village board which gave it any jurisdiction, power or authority to disconnect the appellant's land from the village, and the ordinance is therefore void.

The act of the legislature relating to disconnecting territory from cities and villages, under which appellant's petition was presented, requires the petition to be presented by the owner or owners of the land sought to be discon-

nected. (Laws of 1901, p. 96.) In this case it was stipu-
lated by the parties at the trial that the Chicago, Burlington
and Quincy *Railroad* Company is the owner of the land in
controversy and the Chicago, Burlington and Quincy *Rail-
way* Company is the lessee of the property. The petition
is addressed to the president and board of trustees of the
village of Montgomery, and, in part, reads: "The under-
signed, your petitioner, Chicago, Burlington and Quincy
Railroad Company, a, corporation existing under and by
virtue of the laws of the State of Illinois, respectfully rep-
resents that the said corporation, petitioner, is the owner
of certain lands hereinafter described and located upon the
border and within the limits of the village of Montgomery."
The petition then describes the land, alleges all taxes and
special assessments of the said village have been duly paid,
that the property is not laid out into city or village lots or
blocks, and prays that it be disconnected from said village.
It is signed, "Frederick A. Delano, General Manager Chi-
cago, Burlington and Quincy Ry. Co." No authority is
shown in Mr. Delano, who was the agent of the lessee, to
present or sign a petition on behalf of the owner of the
land asking that it be disconnected from the village. The
law requires the petition to be made by the owner. A ten-
ant of the owner, without authority from him to do so,
would have no more right to petition the authorities to dis-
connect territory than would an entire stranger.

Appellant contends that even if the petition was insuf-
ficient, the village board, having adopted the ordinance, can
not now attack its validity in this kind of proceeding, and
that any informality in the petition was cured by the adop-
tion of the ordinance. There are numerous authorities
holding that where inferior bodies of limited jurisdiction
and powers are authorized to act upon a petition, the filing
of the petition calls into exercise the jurisdiction of the
body and it is authorized to determine the sufficiency of
the petition, and if, in proceeding and acting thereon, it has

231—30

committed an error, the action cannot be attacked collaterally. This rule is applicable only in cases where the petition is presented by some one authorized to present it by the law which confers power on the board or body to which it is presented to act upon it. If the petition is presented by such party and it is acted upon, such action is not subject to collateral attack, even though the petition may be defective in form. In VanFleet on Collateral Attack (p. 79) it is said: "Can it be gathered from the allegations, either directly or inferentially, that the party was seeking the relief granted or that he was entitled thereto? If it can, the allegations will shield the judgment from collateral assault." Here the party seeking the relief was not the owner of the land and clearly was not entitled to the relief asked. The owner of the land filed no petition and asked no relief. The board of trustees of the village of Montgomery were given jurisdiction by law to disconnect territory from the village. A condition precedent to the exercise of this jurisdiction was, that the owner of the land should petition the board to disconnect it. The jurisdiction of the board to disconnect land from the village could not be called into exercise by the petition of some one who did not own the land sought to be disconnected. Such petition is no petition at all, and as the board could only act upon a petition, it follows that its action in disconnecting appellant's land was a nullity, and such action may be attacked collaterally. *Forsyth* v. *City of Hammond,* 30 L. R. A. 576.

Appellant also contends that under the rule announced in *People* v. *Maxon,* 139 Ill. 306, the village of Montgomery is estopped from insisting upon the invalidity of the ordinance and assessing appellant's property for taxation. There is nothing in the proof in this case to bring it within the rule announced in the *Maxon case.*

The judgment of the county court is affirmed.

*Judgment affirmed.*