·THE PEOPLE *ex rel.* Charles S. Cullen, Plaintiff in Error,
    *vs.* A. B. ANDERSON *et al.* Defendants in Error.

*Opinion filed February 19, 1909—Rehearing denied April 15, 1909.*

1. QUO WARRANTO—*discretion of court must be exercised according to law.* While the right to file an information in the nature of *quo warranto* is not an absolute one and rests within the sound legal discretion of the court, yet such discretion must be exercised according to law, and its exercise is subject to review.

2. SAME—*the court may act on petition without entering a rule nisi.* The court may act on a petition for leave to file an information in the nature of *quo warranto* without entering a rule *nisi,* or it may enter such rule and in response thereto may hear affidavits and counter-affidavits.

3. SAME—*when petition for leave to file information is prima facie sufficient.* A petition for leave to file an information in the nature of *quo warranto* is *prima facie* sufficient which charges that the meetings to organize the district, of which the respondents are assuming to act as commissioners, were held outside the territorial limits of the district, and that the respondents were chosen as commissioners under section 15*a* of the Farm Drainage act, which had been repealed.

4. SAME—*the proper method of challenging legal existence of drainage district.* The proper method of challenging the legal existence of a drainage district is to petition for leave to file an information in the nature of *quo warranto* against the individuals who are assuming to exercise the powers of the district.

5. SAME—*petition for leave may challenge existence of district and title of respondents to office.* While the information, which is the pleading, cannot, in the same count, challenge the existence of the district and the title of the respondents to the office of commissioners, yet it is not objectionable to join in the information separate counts respectively raising such questions, and the petition for leave to file the information may embrace both of such grounds.

6. SAME—*the public are not barred by conduct of relators.* The mere fact that private citizens appearing as relators are interested in an information in the nature of *quo warranto* and have employed counsel to assist or conduct the hearing does not make the proceeding a private one, and if it is, in fact, a proceeding in which the public is interested, the rights of the public are not barred by any conduct of the relators which affects their individual rights by way of *laches* or acquiescence.

7. SAME—*court may look into question whether public is interested.* The court may look into the petition and the facts of the case and determine whether the proceeding is one in which the public has more than a theoretical interest, and if it appears the proceeding is purely in the interest of the relators the court has a wide discretion, and may refuse leave to file the information on account of acquiescence or unreasonable delay by the relators or conduct upon their part which ought to estop them.

8. SAME—*when court should not refuse leave to file information.* The right of land owners to complain of the attempted exercise of corporate powers and the levy of drainage assessments is several and not joint, and the fact that the conduct of certain of the relators in a proceeding for leave to file an information in the nature of *quo warranto* may have been such as to justify the court in refusing the leave as to them does not justify such refusal as to other relators against whom no objection is shown.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

CHARLES S. CULLEN, State's Attorney, and BROWNE & WILEY, for plaintiff in error.

JAMES J. CONWAY, and BUTTERS, ARMSTRONG & FERGUSON, for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

A petition signed by Charles S. Cullen, State's attorney of LaSalle county, in the name of the People on his relation, praying for leave to file an information in the nature of *quo warranto* against A. B. Anderson, Fred Bushell and Austin Sanderson, calling upon them to show by what warrant they claimed the existence of a corporation under the name of Drainage District No. 1 in the town of Earl, in said county, under the Farm Drainage act, and claimed to exercise the corporate powers thereof as commissioners, was presented to the circuit court of said county. The petitioner, on behalf of the People and upon the relation of

twenty-two individuals alleged to be owners of land within what was claimed to be a drainage district, challenged the legality of the organization of such district and the legality of the election of said persons who assumed to act as commissioners, and prayed for leave to file an information to oust said persons from the exercise of corporate powers and from office as commissioners. The ground on which the existence of the district was disputed was, that the meetings to organize the same were not held within the territorial limits of the district but were held at a distance of fifteen or twenty miles from the nearest boundary thereof. The title of the drainage commissioners was disputed on the ground that they were chosen under the provisions of section 15*a* of the Farm Drainage act, which had been repealed. It was alleged that the commissioners had levied three assessments; that the first was held to be illegal in *Rogne* v. *People,* 224 Ill. 449; that the second was also held to be illegal in *People* v. *Warren,* 231 Ill. 518, and that the third was levied for the same purpose as the former ones and to pay for indebtedness incurred before the assessment was levied, and was therefore invalid under the decisions in *Drainage Comrs.* v. *Kinney,* 233 Ill. 67, and *Vandalia Drainage District* v. *Hutchins,* 234 id. 31. The petition was accompanied by an affidavit of four of the relators to the truth of its averments. The court entered a rule *nisi,* and upon the return of the rule heard evidence and denied the prayer of the petition. The writ of error in this case was sued out to bring the record here for review.

The petition, on its face, was sufficient, and showed probable cause for granting leave to file an information as prayed. It alleged that the meetings conducted for the organization of the district and the meeting at which it was declared organized were held at a distance of between fifteen and twenty miles from the proposed district. Official power does not ordinarily attend the person of the officer but must be exercised within the territory where he is an officer, and

it was held in *People* v. *Carr*, 231 Ill. 502, that proceedings of drainage commissioners at a meeting held outside of the district are illegal and void. It was also decided in *Patton* v. *People*, 229 Ill. 512, that section 15*a* of the Farm Drainage act, under which the petition alleged that the commissioners were chosen, had been repealed. The proposed information was to be filed against the individuals who assumed to exercise the powers of the corporation, and that was the proper method to challenge the legal existence of the district. (*People* v. *City of Spring Valley*, 129 Ill. 169.) The petition was also sufficient to question the title of the defendants in error to the office of commissioners. (*People* v. *Gary*, 196 Ill. 310; *People* v. *Hanker*, 197 id. 409; *People* v. *Burns*, 212 id. 227.) Unless good ground was shown for refusing leave, it was the duty of the court to grant the prayer of the petition. The right to file an information in the nature of *quo warranto* is not absolute and rests within the sound legal discretion of the court, but that discretion must be exercised according to law and its exercise is subject to review. *People* v. *Town of Thornton*, 186 Ill. 162.

The ground upon which it is claimed that the court might lawfully deny leave to file the information is, that all of the relators, except four, had recognized the existence of the drainage district, either by voting at elections or in some other way. As to four of the relators no act or conduct was shown which could estop them from prosecuting the suit even if the others were barred. So far as the right of the public is concerned, it would not be barred by anything that the relators might have done. The mere fact that private citizens appearing as relators are interested in an information or may have employed counsel to assist or conduct the hearing does not make a proceeding private in its nature or change its character from one in which the public is interested. A drainage district is a public corporation. (*Payson* v. *People*, 175 Ill. 267.) It exercises the

power of eminent domain, and property taken or damaged by it is taken or damaged for a public use. The Attorney General or State's attorney may file an information on behalf of the People to question the exercise of corporate powers by a district, and neither lapse of time nor the conduct of a relator constitutes a bar to the proceeding. The public are not barred either by *laches* or the acquiescence of individuals, (*People* v. *Gary, supra,*) and the public are not estopped by anything a relator may have done, where it does not appear that the information is filed for his private and exclusive benefit. (*People* v. *Burns, supra.*) The court may consider the public interest and convenience and the consequences that would follow, and from such considerations may be justified in refusing to grant the leave. (*People* v. *Hanker, supra; Soule* v. *People,* 205 Ill. 618.) The court may also look into the petition and the facts of the case and determine whether the suit is one in which the public have anything more than a purely theoretical interest or whether the proceeding is brought and prosecuted solely for the benefit of the relators. (*People* v. *Drainage District,* 193 Ill. 428.) If it appears that the proceeding is purely in the interest of the relators, with the object of resisting an assessment or with some similar object, the court has a very wide discretion, and upon the consideration of all the circumstances may refuse leave on account of unreasonable delay or acquiescence, or on account of conduct of the relator which ought to estop him. *People* v. *Schnepp,* 179 Ill. 305.

The petition not only challenged the existence of the corporation but also the title of the defendants in error to the office of drainage commissioners, and defendants in error contend that the positions are inconsistent. In their argument they treat the petition as an information containing inconsistent averments in a single count, but that is a mistaken view. The petition is merely an application for leave to file an information, and the information, when

filed, is the pleading. A count of an information which alleged that there was no corporation and therefore no office, and also disputed the title of a person to an office in the non-existent corporation, would be bad. But the petition proposed to file an information against the defendants in error on different grounds. Where a number of persons assume to act as a corporation without being legally incorporated they should be proceeded against individually, and the question of the legality of the supposed corporation is thereby determined. A count charging defendants in error with assuming to act and exercise the corporate powers of a drainage district without being legally incorporated would be good. A separate count charging them with assuming to exercise the powers of commissioners without being legally elected would not be objectionable, and in *People* v. *Gary, supra,* and other cases, such counts were joined in the same information. If a count charging that there was no corporation should be proved there could be no commissioners of the alleged district and no act of the defendants in error as such commissioners could be legal, but the practice of joining counts, as the petition proposed, has been recognized as proper.

The facts proved had no application to four relators, and no reason was shown why they should not be permitted to question the legality of the organization of the district or the election of the defendants in error. The right of the relators to complain of the attempted exercise of corporate powers and the levy of assessments upon their lands was several and not joint, and the most that could be done under the proof, in any event, would be to refuse the leave as to those who had recognized the existence of the district or the official character of the defendants in error. The evidence fell short of proving knowledge by the relators of the facts upon which the petition was based, but it is not necessary to consider all the questions arising, for the reason that the court ought to have permitted the information

to be filed on the relation of the four against whom no objection, real or apparent, was shown.

The judgment of the circuit court is reversed and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*