THE PEOPLE *ex rel.* Gustavus O. Meishner *et al.* Appellees, *vs.* C. B. KEIGWIN *et al.* Appellants.

*Opinion filed December 17, 1912.*

1. QUO WARRANTO—*when court should allow leave to file information.* Where the petition, and the affidavits presented with it, show sufficient reason to question the title of school directors, it is the duty of the court to allow leave to file an information in the nature of *quo warranto* unless good ground appears for refusing it.

2. SAME—*court may grant leave to file information without notice.* Upon petition for leave to file an information in the nature of *quo warranto,* it is within the discretion of the court whether a rule *nisi* shall be entered or the leave granted without notice.

3. SAME—*one good count in information is sufficient to support judgment.* One good count in an information in the nature of *quo warranto* is sufficient to support a judgment of ouster, and if such count is not objected to, objections to the other counts need not be considered on appeal.

4. SAME—*remedy by information is not a matter of absolute right.* The remedy by information in the nature of *quo warranto* is not a matter of absolute right but is a subject for the exercise of sound legal discretion, and the court will consider the facts of the particular case for the purpose of determining whether the

proceeding is for a purely private interest or whether the public has a real and substantial interest.

5. SAME—*laches or acquiescence of individuals will not bar the public.* Neither the *laches* nor acquiescence of individuals can bar the public, nor will the conduct of a relator constitute an estoppel except where the information is filed for his private and exclusive benefit.

6. SAME—*an information by the State's attorney against school directors is a matter of public concern.* An information by the State's attorney calling upon school directors to show by what warrant they act in that capacity is necessarily a matter of public concern, which cannot be barred by the conduct or acquiescence of the relators or their approval or ratification of the proceedings.

7. SCHOOLS—*the jurisdiction of county superintendents to establish a school district depends upon sufficiency of petition.* The jurisdiction of the county superintendents to establish a school district by the union of three other districts depends upon the sufficiency of the petition for its establishment filed with the trustees.

8. SAME—*what essential to validity of a petition to consolidate school districts.* A petition for the formation of a new school district consisting of all the territory of two or more existing districts is a petition for the consolidation of school districts, and, under section 46 of the School law as revised in 1909, must be signed by a majority of the legal voters of each district. (*People* v. *Jones,* 254 Ill. 521, adhered to; *Parr* v. *Miller,* 146 id. 596, *People* v. *Allen,* 155 id. 402, *Hamilton* v. *Frette,* 189 id. 190, *People* v. *Keechler,* 194 id. 235, and *Bourland* v. *Snyder,* 224 id. 478, explained.)

9. SAME—*when an information against school directors is not barred.* If the public itself, through its officers, by long acquiescence has permitted such a condition to arise that great injury and injustice will result from a judgment of ouster against school directors, the court may take such matter into consideration; but no such condition is presented where the petition for leave to file the information was filed by the State's attorney very soon after the establishment of the alleged school district, and the proceedings taken in the interval are not of such a character as to be productive of great hardship or injury.

APPEAL from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

GEORGE W. HUNT, E. H. BREWSTER, and GEORGE S. SKINNER, for appellants.

L. M. ECKERT, State's Attorney, WATTS A. & CAREY R. JOHNSON, and J. L. SPAULDING, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

An information in the nature of a *quo warranto* was presented against appellants in the circuit court of Bureau county at the January term, 1912, calling upon them to show by what warrant they claim to hold and execute the office of school directors of a certain school district. A demurrer having been sustained to their pleas a judgment of ouster was rendered against them; and they have appealed.

Leave to file the information was granted on the petition of the State's attorney without notice to the appellants, and upon being summoned they made a motion to vacate the order granting such leave. The petition, and the affidavits presented with it, showed sufficient reason to question the appellants' title, and unless good ground appeared for refusing leave to file the information it was the duty of the court to allow it. (*People* v. *Anderson,* 239 Ill. 266.) It was within the discretion of the court whether a rule *nisi* should be entered or the leave given without notice. The reasons for vacating the order were afterward set up in a plea and will be considered later in this opinion. The motion to vacate was properly denied.

It is also insisted that the second count of the information was not sufficient. No objection appears to the first count, and since one good count is sufficient to support the judgment the objection to the second count need not be considered.

The pleas attempted to set up two defenses. The first was a justification under an order of the county superintendents of Lee and Bureau counties made on May 9, 1911, establishing school district No. 300, of which appellants were acting as directors. The jurisdiction of the county superin-

tendents to make this order depends upon the sufficiency of the petition for its establishment filed with the school trustees, and this is the only question as to this defense. School district No. 300 was created by the union of three other districts, including all the territory of each and no more. The petition on which this action was taken was signed by two-thirds of the legal voters residing within the territory of the three districts but not by a majority of the legal voters of each district. We have recently held that under section 46 of the School law a petition for the formation of a new district consisting of all the territory of two existing districts is a petition for the consolidation of districts, and must be signed by a majority of the legal voters of each district. (*People* v. *Jones,* 254 Ill. 521.) It is the view of counsel for appellants that this case was not well considered, and they cite four previous decisions which in their judgment require a different conclusion. They are: *People* v. *Allen,* 155 Ill. 402, *Hamilton* v. *Frette,* 189 id. 190, *People* v. *Keechler,* 194 id. 235, and *Bourland* v. *Snyder,* 224 id. 478. These cases were decided before the revision of the School law, in 1909, which combined sections 47 and 48 of article 3 of the law of 1889 in section 46 of the revised law. Said sections 47 and 48 were as follows:

"Sec. 47. In a township where such division into districts has been made, the said trustees may, in their discretion, at the regular meeting in April, when petitioned as hereinafter provided for, change such districts as lie wholly within their townships, so as:

"*First*—To divide or consolidate districts.

"*Second*—To organize a new district out of territory belonging to two or more districts.

"*Third*—To detach territory from one district and add the same to another district adjacent thereto."

"Sec. 48. No change shall be made as provided for in the preceding section unless petitioned for:

*"First*—By a majority of the legal voters of each of the districts affected by the proposed change.

*"Second*—By two-thirds (⅔) of the legal voters living within certain territory, described in the petition asking that the said territory be detached from one district and added to another.

*"Third*—By two-thirds (⅔) of all the legal voters living within certain territory, containing not less than ten (10) families, asking that said territory may be made a new district."

Section 46 of the present law is as follows:

"Sec. 46. When such division into districts has been made, the trustees of schools may, in their discretion, at the regular meeting in April, change the boundaries of districts situated wholly within the township, so as:

*"First*—To divide a district into two or more districts when petitioned by a majority of the legal voters of the district.

*"Second*—To consolidate two or more districts into one district, when petitioned by a majority of the legal voters of each district.

*"Third*—To detach territory from one district and add the same to an adjacent district, when petitioned by a majority of the legal voters of each district; or, when petitioned by two-thirds of the legal voters residing within the territory described in the petition, asking that such territory be detached from one district and added to an adjacent district.

*"Fourth*—To create a new district from territory belonging to two or more districts, when petitioned by a majority of the legal voters of each district; or, when petitioned by two-thirds of the legal voters residing within the territory described in the petition, containing not fewer than ten families, asking that such territory be created into a new district.

"*Fifth*—To create a new district by dividing the territory of an existing district, when petitioned by two-thirds of the legal voters residing within the territory described in the petition, containing no fewer than ten families, asking that such territory be created into a new district."

The case of *Parr* v. *Miller*, 146 Ill. 596, arose under the law of 1889. It was a case in which the trustees of schools had organized a new district from a part of the territory of each of two existing districts. The petition for the organization of the new district was signed by two-thirds of the legal voters living within the territory, in conformity with the third clause of section 48. It was claimed that it should conform to the requirements of all the clauses, and as it failed as to the first and second, that the trustees had no authority to form the new district. But it was held that the petition was sufficient, and that the first and second clauses had nothing to do with the organization of a new district and did not relate to that subject; that the first related to an application to divide or consolidate districts, and the second to an application to detach territory from one district and add it to another. The court thus construed the two sections as conferring power upon the trustees (1) to divide or consolidate districts when petitioned by a majority of the legal voters of each district affected by the proposed change; (2) to detach territory from one district and add it to another adjacent thereto when petitioned by two-thirds of the legal voters living within such territory; (3) to organize a new district out of territory belonging to two or more districts when petitioned for by two-thirds of the legal voters living within such territory, containing not less than ten families.

In *People* v. *Allen, supra,* the petition was for the organization of a new district including all the territory of two old districts and parts of the territory of each of two others, and it was held to be properly treated as a petition to organize a new district and not as a petition to consoli-

date districts or to detach territory from one district and add it to another. In fact, it was for more than the consolidation of two districts and for more than the detachment and annexation of territory, and what was petitioned for could be regarded only as formation of a new district.

In *Hamilton* v. *Frette, supra,* the petition for the organization of a new district included all the territory of one district and part of the territory of each of four others and was signed by two-thirds of the legal voters residing in the proposed new district. The petition was held to be properly signed. The statute provided no method of taking territory from two or more districts at the same time and adding such territory to another district except by the organization of a new district, and the petition was properly regarded as a petition for that purpose.

The case of *People* v. *Keechler, supra,* was like that of *People* v. *Allen, supra,* the petition including two whole districts and parts of two others, and the decision was the same. In the opinion by Mr. Chief Justice Wilkin it is said (p. 242) : "In fact, it is not claimed that a petition and order for the consolidation of districts would have accomplished the purpose, but the contention seems to be that what was done amounted to a consolidation of districts and the detaching of territory from other districts and adding it to the consolidated districts. The statute nowhere authorizes the doing of such a thing. Districts may be consolidated,—not parts of districts, but districts as theretofore laid off and platted. Nor does the statute authorize the detaching of territory from different districts and adding the same to other consolidated districts, but only 'to detach territory from *one* district and add the same to *another district* adjacent thereto.' In other words, if the boards of trustees were authorized, under the statute, to form a district out of the territory described in the .petition at all, they could only do so under the second

provision of section 47,—that is, 'to organize a new district out of territory belonging to two or more districts.' "

In the case of *Bourland* v. *Snyder, supra,* we held that power was conferred upon the school trustees to create a new district by dividing the territory of an existing district, for which purpose a petition signed by two-thirds of the legal voters in the proposed new district was sufficient, and this authority was expressly recognized in the subsequent revision of the School law by the fifth clause of section 46. It has, however, never been held that a new district, created by the consolidation of two or more districts, could be organized upon the petition of two-thirds of the legal voters of both districts, and if the question was doubtful before the revision, that revision makes it certain that this cannot now be done. The first clause of section 46 deals with the division of districts and requires a petition of the majority of the legal voters of the district. The fifth clause also deals with the division of districts, and authorizes the creation of a new district by dividing the territory of an existing district upon the petition of two-thirds of the legal voters residing within the territory described in the petition. A district may therefore be divided upon a petition of the character described in either the first or fifth clause. The second clause deals with the consolidation of two or more districts into one and requires a petition of the majority of the legal voters of each district. The appellants claim that the fourth clause also deals with the consolidation of districts. The first part of that clause provides that the trustees may change the boundaries of districts so as "to create a new district from territory belonging to two or more districts, when petitioned by a majority of the legal voters of each district." If this applies to the creation of a new district composed of all the territory of two or more districts, it is a mere repetition of the second clause, which authorizes a consolidation of districts upon the petition of a majority

of the legal voters of each district. In the interpretation of a statute every part of it is to be given effect, if possible, and no clause or word will be thrown out entirely if a plain and natural construction can be given it not destructive of the general intent of the statute. If the first part of the fourth clause of section 46 is held to apply to the consolidation of districts, then the second clause is useless and must be held to have been inserted without purpose; but if "to create a new district from territory belonging to two or more districts" means, not to consolidate all the territory, but to create a new district from part of the territory of two or more districts, then every part of the section is given effect, and such we regard as the meaning. The pleas therefore failed to show that the trustees had jurisdiction in the matter or that the superintendents acquired jurisdiction by the appeal.

The second defense sought to be interposed was in the nature of *laches,* acquiescence, ratification and estoppel on the part of the relators. It was the same, in character, as the reasons presented in support of the motion to vacate the order for leave to file the information. It is averred that the proceeding in *quo warranto* was not instituted by the State's attorney acting in his official capacity under a sense of official duty, but solely at the instance of the relators and for their special benefit in escaping payment of their just share of the cost of the improvement; that the relators, in person or by attorney, appeared at the final hearing before the county superintendents to oppose the creation of the district; that they knew of the irregularities now complained of and failed to divulge them, but appealed to the discretionary powers of the superintendents; that they took part in the election at which the appellants were elected directors, and two of them were candidates; that after the election and qualification of the appellants the relators asked them to hold a meeting, at which the educational policies to be pursued in the new

district could be discussed; that the relators sent their children to the school maintained in the district; that an election was called for the purpose of locating and purchasing a new school site, which proposition carried and the relators purchased such site; that all the school funds were consolidated, taxes were levied, the school premises insured and repaired, teachers employed and paid, coal, seats and the necessary material incidentally required for operating and maintaining a public school bought and paid for, and that the relators promised one of the appellants certain jobs of threshing if he would omit to do his official duty as such director.

The remedy by information in the nature of *quo warranto* is not a matter of absolute right but is a subject for the exercise of sound judicial discretion. The court will consider the facts of the particular case for the purpose of determining whether the proceeding is for a purely private interest or whether the public has a real and substantial interest. Neither the *laches* nor acquiescence of individuals can bar the public, nor will the conduct of a relator constitute an estoppel except where the information is filed for his private and exclusive benefit. (*People* v. *Anderson, supra.*) The State is certainly interested in the legality of the organization of its school districts. An information by the State's attorney calling upon school directors to show by what warrant they act in that capacity is necessarily a question of public concern, which cannot be barred by the conduct or acquiescence of the relators or their approval or ratification of illegal proceedings. If the public itself, through its officers, by long acquiescence has permitted a condition to arise such that great injury and injustice will result from the allowance of the writ, these things may be taken into consideration by the court in determining whether to allow the writ. No such case is made by the pleas. The information was filed promptly by the State's attorney, a single term of court intervening

256 — 18

between the supposed formation of the new district and the filing of the information, and the proceedings taken in the interval were not of such a character as to be productive of great hardship or serious injury.

The demurrer to the pleas was properly sustained. The judgment will be affirmed.     *Judgment affirmed.*