THE PEOPLE *ex rel.* Mrs. John Hanson *et al.* Defendants in Error, *vs.* A. B. ANDERSON *et al.* Plaintiffs in Error.

*Opinion filed October 27, 1915.*

1. QUO WARRANTO—*when the court does not err in refusing to carry demurrer back to information.* Where a demurrer to an information in the nature of *quo warranto* is overruled and the defendants instead of standing by the demurrer file pleas, it is not error for the court to refuse to carry back to the information a demurrer filed to the pleas.

2. SAME—*when a demurrer to pleas must be sustained.* A demurrer to pleas to an information in the nature of *quo warranto* is properly sustained where the defendants do not by their pleas attempt to disclaim or justify but set up matters of estoppel and acquiescence on the part of certain of the relators, which, however, do not apply as to other relators who are not shown to be in any way barred from asserting their rights.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

JAMES J. CONWAY, and BUTTERS & CLARK, for plaintiffs in error.

GEORGE S. WILEY, State's Attorney, (BROWNE & WILEY, of counsel,) for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Upon the petition of the State's attorney the circuit court of LaSalle county gave leave to the People, on the relation of twenty-two individuals who were land owners within what was claimed to be a drainage district, to file an information in the nature of a *quo warranto* against A. B. Anderson, Fred Bushell and Austin Sanderson, calling upon them to show by what warrant they claimed the existence of a corporation under the name of Drainage District No. 1 of the town of Earl, in that county, and claimed to exercise the corporate powers thereof as commissioners. To this information the defendants, who are plaintiffs in error here, filed two pleas. A demurrer was sustained to these pleas, and plaintiffs in error having elected to stand by their pleas, the court entered an order finding that the district was without legal existence and rendered a judgment of ouster. This writ of error has been sued out to review that proceeding.

When application was first made to the circuit court for leave to file this information a rule *nisi* was entered, and upon the return of the rule the court heard the evidence and denied leave to file the information. This judgment of the circuit court was reversed in *People v. Anderson,* 239 Ill. 266, and upon the cause being remanded the circuit court granted the prayer of the petition for leave to file the information.

Upon the hearing in the circuit court under the rule to show cause why leave should not be granted to file the information, the plaintiffs in error did not attempt to prove any facts amounting to a justification, but attempted to show that the relators were each of them barred by *laches* and acquiescence and that the public had but a theoretical interest in the proceeding. We held, upon a review of that proceeding, that the proof relating to *laches* and acquiescence of the individual relators had no application to at

least four relators, and that no reason was shown why these four should not be permitted to question the legality of the organization of the district or the election of the plaintiffs in error as commissioners. One of the four referred to in that information is now dead and another has sold his land lying within the alleged drainage district. The other two still occupy the same position they did at the time the petition was filed for leave to file the information.

By their two pleas plaintiffs in error neither disclaim nor attempt to justify, but set up matters in estoppel based upon the *laches* and acquiescence of the various relators. The facts alleged in the two pleas are identical with the facts proven at the hearing under the rule *nisi* upon the application for leave to file the information. No new facts are alleged which show any acquiescence on the part of the two relators who still own land within the alleged district, and nothing new is set forth in the pleas from which *laches* could be imputed to these two relators. Under this situation, and following the holding of the court in *People* v. *Anderson, supra,* the circuit court had no alternative but to sustain the demurrer to the pleas and enter a judgment of ouster.

After the demurrer was interposed the plaintiffs in error moved to carry the demurrer back to the information. The action of the court in overruling this motion is assigned as error. Plaintiffs in error demurred to the information when it was filed, and this demurrer was overruled. They did not elect to stand by the demurrer but filed their pleas. Plaintiffs in error had the benefit of the ruling of the court upon a demurrer to the information, and the court did not err in refusing to carry back to the information the demurrer to the pleas.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*