(No. 14901.—Judgment affirmed.)

THE PEOPLE *ex rel.* William Metz *et al.* Appellees, *vs.* THE CITY OF ST. ELMO, Appellant.

*Opinion filed December 19, 1922.*

1. MUNICIPAL CORPORATIONS—*statute on annexation requires petition by majority of both voters and land owners.* The statute providing for the annexation of contiguous territory to a city or incorporated village or town (Hurd's Stat. 1921, p. 397,) requires that the petition for annexation be signed by a majority of the legal voters, who are necessarily residents of the territory, and also by a majority of the land owners, without regard to residence.

2. SAME—*city is proper party defendant to quo warranto proceeding challenging the annexation of territory—assignment of error.* The city is the proper party defendant to an information in *quo warranto* challenging the validity of the annexation of territory to the city, and on appeal from a judgment of ouster the city cannot assign error on the failure of the court to rule on a motion to dismiss as to the mayor and aldermen, who were also made parties defendant but against whom no judgment was entered and who did not appeal.

APPEAL from the Circuit Court of Fayette county; the Hon. F. R. DOVE, Judge, presiding.

ALBERT, WEBB & ALBERT, for appellant.

BROWN & BURNSIDE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon leave granted, the State's attorney of Fayette county filed in the circuit court an information in the name of the People, on the relation of William Metz and others, charging the city of St. Elmo and the mayor and aldermen with usurping authority to exercise the franchise of the city government over lands described in the information, claimed to have become a part of the city by annexation. The mayor and aldermen moved to be dismissed as

defendants with costs, for the reason that they were not proper parties, but there was no ruling on the motion. They did not plead and were not defaulted and there was no further appearance for them. The city filed a plea of justification, setting forth proceedings for the annexation of the territory in pursuance of a petition and a special election held on November 28, 1921, which resulted in an affirmative vote. Replications to the plea and rejoinders to the replications were filed, but it was stipulated that all proper replications to the plea and all proper rejoinders to replications should be considered as filed in the cause, which practically eliminated all pleadings after the plea of justification. A jury trial was waived, and the court found the city guilty and the territory not legally annexed. There was judgment of ouster against the city and for costs, and from that judgment the city appealed.

The following facts were stipulated: The city of St. Elmo is organized under the general law for the incorporation of cities and the territory in question is contiguous to the city. A petition signed by 62 persons was presented to the city council on November 2, 1921, praying for the annexation of the territory. The total number of legal voters residing in the territory was 100, and each one of the 62 was a legal voter and owner of personal property, so that the petition was signed by a majority of the legal voters in the territory. There were 59 owners of real estate in the territory, only 33 of whom lived therein. Twenty signers of the petition lived and owned real estate in the territory. There were 13 owners of real estate living there who did not sign, and there were 26 owners of real estate in the territory who did not reside therein and did not sign the petition. Of the 59 owners of real estate only 20 signed the petition, and they were legal voters living in the territory. On the presentation of the petition on November 2 the city council passed a resolution reciting the presentation of the petition and calling an election to be held on No-

vember 28, 1921. After the adoption of the resolution and calling the election 24 signers of the petition presented to the city council a statement that they thereby withdrew their names from the petition. The election was held and there were 417 votes cast for annexation and 38 against it. An ordinance was passed declaring the territory annexed.

If the law required the signatures of a majority of the owners of real estate in the territory the petition did not meet the requirement and the proceedings under it were void. The statute provides as follows: "That on petition, in writing, signed by a majority of the legal voters, and by a majority of the property owners in any territory contiguous to any city or incorporated village or town, and not embraced within its limits, the city council or board of trustees of said village, city or town (as the case may be) shall submit to a vote of the people of said city, village or town (as the case may be) at its regular election or a special election to be called within sixty (60) days after said petition is presented, the question of the annexation of such proposed territory." (Hurd's Stat. 1921, p. 397.)

Annexation of territory to a municipality directly affects persons brought within the municipal regulations and property subjected to such regulations and to taxation, and the statute contemplates two classes of petitioners representing such interests. The first class consists of those legally authorized to vote in the territory, and the second, property owners in the territory, whether entitled to vote or not. This necessarily includes those owning property in the territory to be affected by the annexation although they do not live on the property and are not entitled to vote. The natural construction of the language and the manifest intention of the legislature is, that there shall be a majority of legal voters who are necessarily residents and a majority of land owners as to whom residence is not a limitation or condition. So far as the land owners are concerned, their property is affected in precisely the same way and

the same governmental powers are extended over it whether they live in the territory or not. The conclusion of the court in that regard and the construction given to the statute were correct.

There was an attempt of 24 petitioners to withdraw their names from the petition, but whether their action was effective or not is of no importance since the petition as originally filed was not sufficient.

The city assigns for error that the court erred in not dismissing the mayor and aldermen from the suit. The city was the proper party defendant, (*People* v. *City of Spring Valley*, 129 Ill. 169; *People* v. *City of Peoria*, 166 id. 517;) but there was no order of the court to be reviewed, no judgment against the mayor and aldermen, and they did not appeal. The city is not entitled to assign error for them.

The judgment is affirmed.                *Judgment affirmed.*