(No. 15081.—Judgment affirmed.)

THE PEOPLE *ex rel.* Henry Brothers *et al.* Defendants in Error, *vs.* GEORGE B. DODDS *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1923—Rehearing denied Feb. 13, 1924.*

1. QUO WARRANTO—*information need only charge the usurpation.* An information in the nature of *quo warranto* need only charge the usurpation and call upon the respondents to disclaim or justify.

2. SAME—*objection that an information was improvidently filed cannot be raised by demurrer.* An objection that an information in the nature of *quo warranto* was improvidently ordered filed can not be raised by demurrer to the information but by motion to strike or to vacate the order allowing it to be filed.

3. SAME—*effect where information attempts to set out grounds of illegality.* If an information in the nature of *quo warranto* attempts to set out the particular grounds of illegality in the organization of a high school district, it is open to demurrer unless the grounds stated constitute a cause of action against the respondents.

4. SAME—*matter of granting leave to file an information rests largely in discretion of court.* Whether leave to file an information in the nature of *quo warranto* shall be granted, or whether, if granted, the order shall be set aside, are matters resting largely in the discretion of the trial court.

5. SAME—*dismissal of information disposes of pleas in abatement thereto.* The dismissal of an information in the nature of *quo warranto* disposes of all pending motions and pleas with reference thereto, and no questions concerning them need be considered in disposing of a new information subsequently filed on leave granted, although it is called an amended information.

6. SCHOOLS—*when community high school district must be held to be invalid.* Where an information in the nature of *quo warranto*

charges that the territory is nine miles long and six miles wide and contains fifty-four sections of land; that the territory is divided into two portions by streams which overflow frequently, making it practically impossible during a good portion of the school year for children living north of the streams to reach the school building, which is south of the streams, a demurrer to the information admits such averments, and if the respondents elect to stand by such demurrer after it is overruled a judgment of ouster is warranted.

7. SAME—*when the validating act of 1921 does not apply.* The community high school validating act of 1921 does not apply to a district the territory of which is not compact and contiguous.

DUNN and THOMPSON, JJ., dissenting.

DUNCAN, J., took no part.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

FOWLER & RUMSEY, and A. G. ABNEY, for plaintiffs in error.

CHARLES H. THOMPSON, State's Attorney, (W. C. KANE, and W. W. WHEATLEY, of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error bring this cause to this court by writ of error from the circuit court of Saline county to review a judgment of said court holding Community High School District No. 103 in said county to be illegally organized and ousting plaintiffs in error from the office of board of education of said community high school district.

There are twenty-six assignments of error attached to the record reciting alleged errors by the trial court in overruling motions to strike the original and amended petitions and the original and amended informations from the files, in overruling objections to the filing of amended informations, and in allowing relators to file amended and second amended informations, but under our view of the pleadings in this case it will not be necessary to consider such errors.

After certain amendments were allowed by the trial court to be filed to the petition for leave to file an information, and after the original information had been filed and amended and certain pleas in abatement had been filed to the amended information, the relators dismissed the information and obtained leave to file what is known in this record as the second amended information, but which was, in fact, a new information consisting of three counts. To this information the respondents filed a general and special demurrer, which was sustained as to the first count and overruled as to the second and third counts. The respondents elected to abide their general and special demurrers to the second and third counts and refused to further plead in the cause. The court entered judgment holding the district illegally organized and ousting the respondents from the office of members of the board of education. The questions necessary to be reviewed are whether or not the second and third counts of the second amended information were sufficient, and whether the court erred in refusing to set aside the order granting leave to file the information.

The second count of the information charges usurpation of the office of board of education of the purported high school district, and avers the district is nine miles in length by six miles in width, containing fifty-four sections of land; that the territory thereof is composed of separate and distinct communities having separate and distinct community centers, specifically setting forth certain villages around which the information alleges a community exists; that extending across the district north and near to a certain public highway is a valley through which flow the Bankston fork of the Saline river and its tributaries; that said streams frequently overflow, thereby rendering the village of Carrier Mills, where the school house is located, inaccessible to the north portion of the district for a greater portion of the school year; that the roads or highways extending from the north portion of the district are poorly

310—39

kept dirt roads, which are difficult to travel during the greater portion of the school year; and that by reason of these facts the district is not compact and contiguous, as required by law. The information then concludes with the usual charge of usurpation. The third count contains the usual charge of usurpation against the respondents, with a prayer that they make answer by what warrant they claim to hold and execute said office.

Numerous grounds of special demurrer were alleged, most of which are fully answered by the fact that an information in *quo warranto* need only charge the usurpation and call upon the respondents to disclaim or justify.

It is also urged as a ground of demurrer that the information was improvidently ordered filed. Such objection cannot be raised by demurrer to the information but by motion to strike or vacate the order allowing the same to be filed. As such motion was made and denied and the ruling thereon was assigned as error, that assignment will be hereinafter considered.

The chief ground of the demurrer is that the information does not show that the district is illegal. As herein stated, it is not necessary in *quo warranto* that the information set out the grounds upon which illegality is claimed, but having set out such grounds, as was done in the second count of the information, it is open to demurrer if the grounds stated do not constitute a cause of action against respondents. This count charges that the territory in question is divided into two portions, on either side of the Bankston fork of the Saline river and its tributaries; that these streams frequently overflow, making it practically impossible a good portion of the school year for children of high school age living north of said streams to attend the school, which is located in the village of Carrier Mills, and that it would be equally inaccessible were the school house located at any point south of said streams. Assuming these averments to be true, as we must under the demurrers in

this case, the district is not contiguous and compact. In *People* v. *Kirkham*, 301 Ill. 45, this court said: "If a district be so organized as to include within its boundary lines an impassable area of hilly, forest or swamp land of considerable extent, or an unbridged river, it would not be compact and contiguous within the spirit of the law." (*People* v. *Moyer*, 298 Ill. 143; *People* v. *Simpson*, 308 id. 418.) This averment of the information is sufficient to require a plea properly tendering an issue of fact as to whether or not said territory is contiguous and compact. Whether or not the conditions caused by the streams of this fork of the Saline river are sufficient, as a matter of fact, when taken with all the other facts and circumstances incident to the topography of the territory in question, to show that this territory is not compact and contiguous is not presented to this court by the record for consideration as no pleas were filed. The only question presented here is whether or not these averments are sufficient to require of the respondents a plea of justification. We think they are.

The averments in the second count that portions of the territory of the district are parts of other communities are averments of evidentiary facts affecting the question of compactness and contiguity of the district. It has been held that the term "community," as used in the School law, refers to a community for school purposes. *People* v. *Drennan*, 307 Ill. 482.

The third count of the information is in the usual form and states in general terms the usurpation by respondents of the office of board of education of Community High School District No. 103 in Saline county. This count is good and sufficient to call upon the respondents to justify or disclaim. *People* v. *Keigwin*, 256 Ill. 264.

It is objected that the order granting leave to file the information was improvidently issued and that it was error to refuse to set the same aside on motion. Whether

leave to file an information in the nature of *quo warranto* be granted, or, if granted, whether such order shall be vacated, is a matter resting largely in the discretion of the court. (*People* v. *Wanmer,* 276 Ill. 460.) The petition sets forth that the election called for the creation of the district was held April 9, 1921, and was not conducted as required by the Australian Ballot law. Prior to the amendment of 1921 (Laws of 1921, p. 803,) this was held to be a valid objection. (*People* v. *Williams,* 298 Ill. 86.) The averments of the second count of the information, if true, likewise justified the filing thereof. The court did not abuse the discretion vested in it in refusing to vacate the order granting leave to file the information.

It is also urged that plaintiffs in error having filed certain pleas in abatement to the first information as amended, which was later dismissed by defendants in error, it was error for the court to enter judgment of ouster without passing on these pleas in abatement. The dismissal of the first information as amended disposed of all pending motions and pleas concerning it. The so-called second amended information appears from the record to have been a new information filed on leave granted. Pleas in abatement were not filed to it and therefore were no longer in the record for disposition.

It is also urged that the validating act of 1921 should have been applied to the issues in this case and the district held legally organized. The validating act of 1921 has no application to a district which is not compact and contiguous. *People* v. *Young,* 309 Ill. 27.

The averments of the information showing that the district was not compact and contiguous, as required by law, and these averments being admitted by the demurrer which plaintiffs in error abided, the validating act in that condition of the record is not applicable. Whether or not a good defense to this information can, in fact, be shown

does not arise, as plaintiffs in error have rested their case on their demurrers to the information.

For the foregoing reasons the judgment of the trial court is affirmed.                              *Judgment affirmed.*

DUNN and THOMPSON, JJ., dissenting.

Mr. JUSTICE DUNCAN took no part in the decision of this case.