EDWARD B. GRISWOLD *et al.*

*v.*

CHARLES W. BREGA *et al.*

*Filed at Ottawa March 28, 1896.*

1. INJUNCTION—*when writ lies to prevent violation of fire ordinance.* The rule that injunction does not lie at the suit of a city to prevent violation of a city ordinance does not preclude neighboring property owners from enjoining the threatened removal into their neighborhood of a wooden building, where the written consent of property owners to such removal, as provided by ordinance, has not been fairly obtained, and such removal would increase fire hazards and be a permanent detriment to other property.

2. SAME—*city enjoined from granting permit to remove property in violation of fire ordinance.* A city and its officers may be enjoined, at the suit of neighboring property owners, from granting a permit to remove a wooden building into a block upon a written consent of property owners which consent was obtained by fraud, and was in part revoked in writing when the bill was filed.

*Griswold* v. *Brega*, 57 Ill. App. 554, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

Appellees filed their bill in equity in the circuit court of Cook county, against appellants and the city of Chicago and its commissioners of public works and public buildings, for an injunction and for other relief. The bill alleges that appellee Charles W. Brega is the owner of certain premises in east end subdivision in the city of Chicago, on the east side of East End avenue, between Fifty-fourth and Fifty-fifth streets; that appellee Joseph Roster is the owner of premises in Illinois Central subdivision, located on the west side of East End avenue, between Fifty-fourth and Fifty-fifth streets, and that said premises are improved with a fine stone and brick apartment house; that at the time of the filing of the bill, appellants, Griswold and Day, were intending to remove

a frame building known as the "New Jersey State Build-
ing," then located in Jackson Park, Chicago, to a parcel
of land owned by appellant Griswold, lying in the same
block as the premises belonging to appellee Roster, and
opposite to and within one hundred and fifty feet of the
premises belonging to appellee Brega; that an ordinance
of the city of Chicago requires that "any person desiring
to remove a wooden building shall first obtain the writ-
ten assent to such removal from persons owning a major-
ity of feet front of the lots in the same block in which it
is proposed to locate such removed building, and also a
majority of persons owning front feet opposite the pro-
posed location and within one hundred and fifty feet of
the same;" that appellants, Griswold and Day, for the
purpose of complying with said ordinance, filed with the
commissioner of public works of the city of Chicago an
instrument purporting to be a petition to the said com-
missioner for permission to remove said building upon
said premises of appellant Griswold, and purporting to
be signed by the requisite number of owners; that said
petition or application purports that the persons whose
names are appended thereto are owners of certain prem-
ises set opposite their respective names, and that they in-
dividually assent to the removal of the building, and that
this application was filed with an employee of the city of
Chicago with whom applications for the removal of build-
ings are usually filed, and who is in the habit of direct-
ing permits to be issued when the ordinances have been
complied with.    The bill alleges that the assent of the
required property owners obtained to this application was
so obtained by misrepresentation, falsehood and deceit,
and was, in part, revoked in writing, which writing was
filed with the officer of the city having such application.
The bill further alleges that "the said Griswold and Day
have not obtained the written assent for the removal of
said building of a majority of persons owning front feet
opposite the proposed location of said frame building and

within one hundred and fifty feet of the same, as required by said ordinances in said city of Chicago, nor have they obtained the written assent of the persons owning front feet opposite the said proposed location and within one hundred and fifty feet of the same, and that, therefore, said petition or application is defective and not sufficient to authorize the granting of said permit." It was further alleged that the city of Chicago, through the officers attending to those matters, was about to grant a permit authorizing appellants to remove their frame building, and that appellants would remove it unless restrained; that the removal of said frame building upon said premises would disfigure the block, be a permanent detriment to the premises in said block and injuriously affect the premises of appellees, and would expose the building of appellee Roster to more danger from fire, and would increase the fire hazard of said neighborhood, and would make the property of appellees less marketable and salable, and that the damage and injury thus caused the appellees would be irreparable. The bill prayed for an injunction restraining the city of Chicago and its officers from issuing a permit upon the application filed, and restraining the appellants from seeking to obtain a permit for the removal upon the application or petition filed by them, and that the appellants might also be restrained from removing the building as they proposed. There was also a prayer for general relief. Appellants filed their answer to the bill. All the other defendants were defaulted.

The court, upon the hearing, rendered a decree in substantial conformity with the prayer of the bill, and the defendants appealed to the Appellate Court for the First District, where the decree was affirmed. By the present appeal the record of the proceedings in the lower courts is brought here for review.

DUNCAN & GILBERT, for appellants.

JULIUS ROSENTHAL, and LESSING ROSENTHAL, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The findings of fact set forth in the decree fully sustain the allegations of the bill, and as no certificate of evidence was filed, no question of fact is presented for our decision.

The only contention of counsel for appellants is, that, conceding all that is alleged in the bill and found by the decree, equity has no jurisdiction to enjoin appellants from removing the wooden building onto the premises in question within what is known as the "fire limits" in the city of Chicago, contrary to the provisions of the city ordinance. It is contended, and numerous authorities are cited to support the contention, that the ordinances of a city cannot be enforced by bill in equity, but resort must be had to a court of law for relief in such cases. We deem it unnecessary here to review the cases cited, or to determine the question whether or not a bill would lie by the city to enjoin the erection or removal of a wooden building within what is commonly called the "fire limits," in violation of the ordinances of the city. This is not such a case. By virtue of the ordinances of the city of Chicago it was unlawful for the appellants to remove the building to the premises in question without first having obtained to a petition the signatures of the owners of a majority of the front feet of the adjacent lots lying within certain prescribed limits, and without first having obtained from the proper municipal authorities an official permit, to be issued upon the filing of the petition, subscribed and sworn to as prescribed by the ordinance. A paper purporting to be such a petition was presented and filed, but the court found that certain signatures thereto were obtained by misrepresentation and deceit and certain other signatures were attached without any authority, and that as to such signatures the petition

had been revoked and withdrawn in a writing filed by those whose signatures were so wrongfully attached and procured, and that without such signatures the petition did not contain the requisite number of signers. The court also found that the city authorities were nevertheless about to issue the permit to appellants to so remove and locate said wooden building, and that upon obtaining such permit appellants intended and threatened to remove said building to the premises mentioned. The court also decreed that the names of appellees and others so improperly attached to the petition be stricken and canceled from the petition. We think it clear that a bill for an injunction will lie in such a case. The bill alleged and the ordinance recognized the special injury which would result to those owning adjacent property, and by virtue of the ordinance they had the power to prevent such injury by refusing to sign the petition. But here was a fraudulent petition presented in the names of appellees and others, appearing on its face to be sufficient, under the ordinance, to authorize the proper municipal officer to issue the permit, and upon which such officer was about to issue it. We know of no remedy, and none is pointed out by counsel, whereby, in a court of law, appellees could have prevented the granting of such permit and the removal of the building and its location adjacent to their property, or which would have afforded proper redress for the injuries, special as to their property, which the bill and proof show appellees would have sustained had the contemplated action been taken. Those cases which hold that the municipality itself cannot maintain a bill to enjoin the erection of wooden buildings in violation of its ordinances do not, it seems to us, have any controlling force in cases of this character. It has a remedy at law, or may provide one.

The Supreme Court of Indiana has held that a bill for injunction would lie at the suit of the property owner who would sustain special injury, to prevent the erection

of wooden buildings where they were prohibited by ordinance. (*First Nat. Bank* v. *Sarlls*, 129 Ind. 201; *Kaufman* v. *Stein*, 37 N. E. Rep. 333.) Questions of a kindred character were decided in *King* v. *Davenport*, 98 Ill. 305. But without considering whether or not the doctrine of the Indiana cases is in accord with the weight of authority, we must hold that the bill in this case was properly brought to restrain appellants from seeking to obtain, and the city authorities from issuing, the permit upon this fraudulent petition, and that in view of the allegations and proof, as a part of the relief necessary to dispose of the controversy and to make the writ effectual, it was proper, and in full accord with the principles of equity jurisdiction and decided cases, to enjoin the appellants from removing the building to the lot in question without first having complied with the requirements of the ordinance.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*