MARGARET COOK FITZGERALD *vs.* THE MERARD HOLDING
COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

In passing upon a demurrer to an amended complaint, the trial judge is not bound to follow an earlier ruling upon the demurrer to the original complaint.

A general allegation of irreparable damage is ineffectual unless accompanied by a specification of the facts from which it is drawn.

Special damages are those which are peculiar to the circumstances and conditions of the injured party and which the law does not necessarily imply that he has sustained from the act complained of.

An adequate remedy at law is one to which the complainant may at all times resort, at his own option, fully and freely, without let or hindrance.

Even though a structure is not in itself a nuisance, it may become such when erected in a place forbidden by law.

After the zoning commission of Greenwich had restricted a certain area of the town to the erection of buildings for residential purposes, the defendant constructed therein a business block located directly opposite the plaintiff's private dwelling-house. In a suit for injunctive relief, the plaintiff alleged that her property was now valueless for business purposes because of the zoning regulations, and was also unmarketable as a residence by reason of the proximity of the defendant's building, and that the businesses conducted therein, with the attendant crowds, noise, increased motor traffic, and use of her premises for the turning and parking of automobiles, disturbed the quiet, peace and comfort of her home, damaged her fences and lawn, and interfered with her sleep—these annoyances being special and peculiar to herself and totally different from those of the general public and of other property owners in the same zone and neighborhood. *Held:*

1. That the complaint was not demurrable for want of allegations showing special and substantial damage to the plaintiff.

2. That, upon the facts alleged, the plaintiff was entitled to maintain the present suit for injunctive relief.

3. That a request to, and refusal by, the zoning commission to perform its duty to enforce the regulations in question, was not a prerequisite to the plaintiff's right of action.

Argued June 14th—decided July 25th, 1927.

ACTION for an injunction restraining the defendants from using certain buildings for business purposes and requiring the owner to make them conform to the zoning regulations of the town of Greenwich, brought to the Superior Court in Fairfield County where the defendants' demurrer to the complaint was sustained (*Banks*, J.) as was the demurrer to the amended complaint (*Dickenson*, J.) and, upon the refusal of the plaintiff to plead further, judgment was rendered (*Dickenson*, J.) for the defendants, from which the plaintiff appealed. *Error and cause remanded.*

*Raymond E. Hackett,* for the appellant (plaintiff).

*Sol Rubin,* with whom was *Robert J. Emmons,* for the appellee (defendant The Merard Holding Company).

*Thomas J. Ryle,* for the appellee (defendant The Great Atlantic and Pacific Tea Company).

*Clement A. Fuller,* with whom, on the brief, was *Edward C. Fisher,* for the appellee (defendant The Lomas and Nettleton Company).

WHEELER, C. J.    The amended complaint alleges these facts:  The plaintiff is the owner in fee simple of a tract of land with the buildings thereon, situated on the west side of Riverside Avenue in Greenwich, and occupies the same as a private dwelling for herself and family.   The defendant the Merard Holding Company, Inc., is the owner of certain premises directly opposite the premises of plaintiff on the east side of this avenue.   The defendant the Great Atlantic and Pacific Tea Company has a chain grocery store, and the defendant Abraham Marks a newspaper business, in the Merard Company's premises.

On February 1st, 1926, the town of Greenwich adopted various building zone regulations, and under these the area of Greenwich on this avenue, in which the premises of the plaintiff and of the Merard Company are situated, was and is now restricted solely to the erection of buildings for residential purposes, and the erection on the Merard Company's property of buildings designed for business purposes of any kind is prohibited by these zoning regulations. Subsequent to their adoption the Merard Company caused to be erected on its premises a building consisting of four stores, designed solely for business purposes, and it is now being used for such purposes in violation of the zone regulations. While this company was erecting this building, the zoning commission of Greenwich notified it that its construction of this building was in violation of the zone regulations. The plaintiff has, upon a number of occasions, requested the zoning commission and its officers to prevent, by legal or other proceedings, the erection of this building, to abate this violation of these regulations, to prevent the occupancy of this building and land for business purposes, and to restrain the use of the same by the defendants for such purposes in violation of these regulations, but the commission has neglected and refused to take any action or proceedings whatsoever to prevent or abate the violation.

The plaintiff's home is directly opposite to and within a short distance of the property of the Merard Company, and by reason thereof is peculiarly and specially damaged, and for these reasons: All of the property adjacent to and in the vicinity of plaintiff's property, with the exception of that of the Merard Company, is used for and devoted solely to residential purposes, and the neighborhood in which plaintiff's property is located is and has long been a first-class

residential district devoted exclusively to the erection and maintenance of homes and private dwellings. The adoption of the zoning regulations has rendered plaintiff's property entirely valueless for business purposes, and the continued use of the Merard Company's property for business purposes reduces the value of the plaintiff's property for residential purposes, and if continued, and by reason of its proximity to plaintiff's property, will entirely destroy its marketability for residential purposes. As a result, the plaintiff's property will be valueless for either business or residential purposes, and as a consequence she will be irreparably damaged. The character and conduct of the two businesses in the Merard Company's building is such that the highway in front of plaintiff's property is constantly, throughout the daytime, greatly congested by automobiles and trucks; crowds of people constantly assemble at these stores; automobiles park on the highway and at times partly on the sidewalk in front of plaintiff's property; frequently automobiles drive into plaintiff's fence and onto her lawn, and damage each; frequently, in the night, the trucks going to the Tea Company's place of business and in unloading goods from the trucks make so much noise as to disturb the sleep, peace and comfort of the plaintiff and make it impossible for her to sleep or enjoy her home in peace and quiet; and because of these facts and the conduct of these businesses and the conduct of their patrons, the peace and quiet in and about plaintiff's property is greatly interfered with and the annoyance to her is special and peculiar and totally different from that to the public and all other property owners whose property is located within the same zone and in the neighborhood of these premises. The plaintiff is suffering irreparable injury, for which she has no adequate remedy at law.

The Tea Company demurred because (1) the plaintiff, as a private individual, is endeavoring to enforce a governmental function which belongs exclusively to the zoning commission of Greenwich; (2) the amended complaint is in substance the same as the original complaint, except in the averments as to the conduct of these businesses and to it a demurrer has been sustained; (3) the decision on the former demurrer is *res adjudicata* as to the amended complaint, and the relief sought therein and the cause of action now set forth is the same one as formerly alleged in the original complaint. The Merard Company demurred because plaintiff should have moved for relief before the zoning commission, or sought by mandamus to compel the commission to enforce its regulations which are the subject-matter of the complaint. The Lomas and Nettleton Company joined in the demurrers of the other two defendants. The other grounds of demurrer of the Tea Company were general instead of special. The trial court sustained the demurrers upon the two grounds, that the enforcement of the violation of the zoning regulations of Greenwich belonged exclusively to the zoning commission of that town, and that the plaintiff was without authority to enforce its governmental function, and further, because the decision of the demurrer to the original complaint is *res adjudicata,* since the complaint sets up no new right of action. Apparently the main ground of the former demurrer was that the complaint alleges no special damage to the plaintiff and therefore states no facts constituting an invasion of the plaintiff's private rights.

The trial court was of the view that the injury alleged in the amended complaint is that "common to the residential community in which the plaintiff lives, in kind, if not in degree," and hence that no new cause of action is set up. If the court was of the opinion

that the former demurrer was correctly decided, it was proper to treat it as the law of the case. If it was of a contrary opinion, it was not required to so treat it, but ought to have determined it in accordance with its view of the law. As we read the former complaint, we find no allegations whatever of any special injury suffered by the plaintiff, not even the general allegation of irreparable injury. In the amended complaint we find this general allegation, which without a specification of the facts from which the conclusion of irreparable injury is drawn, must, upon attack, have proved ineffectual. In addition we find specifications of the special injury suffered. These consist of the erection of this building used for business purposes in a residential zone devoted exclusively to homes and private dwellings, and in close proximity to plaintiff's dwelling with the result that the plaintiff's property cannot be used for, and hence is valueless for, business purposes because of the prohibition of zoning regulations and its marketability is entirely destroyed for residential purposes, and further that the conduct of these businesses, the crowds they collect, the motor traffic brought upon the highway and their use of plaintiff's sidewalk and lawn, damage her property, and the conduct of these businesses makes so much noise as to render it impossible for her to sleep and greatly disturb the peace in and about her property, making the annoyance to her special and peculiar and totally different from that to the public and property owners in this zone and neighborhood. "Special damage is that which the law does not necessarily imply that the plaintiff has sustained from the act complained of. . . . It would seem however that when the consequences of an injury are peculiar to the circumstances and condition of the injured party, the law could not imply the

damage simply from the act causing the injury."
*Tomlinson* v. *Derby,* 43 Conn. 562, 567.

In an action for damages for wrongfully cutting trees
on lands of plaintiff, the measure of damage would or-
dinarily be the market value of the trees for timber or
fuel, but when the trees have a peculiar value for pur-
poses of shade or ornament, the damage may be meas-
ured by the reduced pecuniary value of the land be-
cause of the special damage suffered by the owner.
*Eldridge* v. *Gorman,* 77 Conn. 699, 701, 60 Atl. 643;
*Hoyt* v. *Southern New England Telephone Co.,* 60
Conn. 385, 22 Atl. 957. The special damage sustained
by a change of grade of a highway was alleged to be
the destruction of a sidewalk and a valuable tree, re-
grading land and relaying water pipes, all of which
caused plaintiff great expense and damage, and these
allegations we held sufficient to support the claim of
special damage. *Cook* v. *Ansonia,* 66 Conn. 413, 420,
34 Atl. 183. In *Cordner* v. *Hall,* 84 Conn. 117, 120, 79
Atl. 55, we further explain this subject: "It is only
when damage is claimed for special consequences
which must depend on the peculiar circumstances of
the plaintiff at the time and previous to the injury, as
that he was actually engaged in some special business
yielding a pecuniary profit, that such special conse-
quences are a special damage." See also *Smith* v.
*Whittlesey,* 79 Conn. 189, 191, 63 Atl. 1085; *Ling* v.
*Malcom,* 77 Conn. 517, 527, 59 Atl. 698; *Blakeslee Co.*
v. *Rigo,* 94 Conn. 481, 485, 109 Atl. 173; *Balf Co.* v.
*Hartford Electric Light Co., ante,* p. 315, 138 Atl. 122,
and cases cited.

Testing the additional allegations of the amended
complaint by this rule of law, we find that the alleged
injury to the plaintiff's property has been and is seri-
ous in consequence of the erection of a building used
for store purposes opposite plaintiff's dwelling and in

violation of the zoning restrictions. Her property cannot be used for business purposes and its marketability has been destroyed for residential purposes. Upon the allegations her damage is substantial. In addition, the conduct of these businesses has resulted in a serious injury to her property as a dwelling-place, from which the court must take judicial notice that damage must result. These allegations make a very clear case of special damage. The resulting damage is peculiar to the plaintiff in consequence of her proximity to this business building and the businesses there conducted.

The defendants did not make, as a ground of their various demurrers, the failure of the amended complaint to allege facts showing special damage to the plaintiff. We presume this point was orally argued and has been assumed by the trial court to be within the general demurrer of paragraph four of the demurrer. We have considered it, for the reason that it was the principal ground upon which the court relied in deciding each demurrer.

The plaintiff had the right to maintain this action, which seeks to compel the owner of this building to make it conform to the zoning regulations and to restrain the defendants from using it for business purposes. The primary duty of enforcing these regulations rested upon the zoning commission. The right to enforce them by injunction, where their violation had resulted, is now resulting, or will result, in special damage to one's property, exists in the one so injured, and is not dependent upon his having requested the public authorities in charge to enforce the violation and their refusal or failure to perform their duty. If one suffers an injury special and peculiar to his property, from an obstruction in a town common upon which his property fronts, he is entitled to maintain

an injunction against the continuance of the encroachment without application to the proper authorities. Otherwise he would not have adequate remedy at law. This "means a remedy vested in the complainant, to which he may, at all times, resort, at his own option, fully and freely, without let or hindrance." *Wheeler* v. *Bedford,* 54 Conn. 244, 249, 7 Atl. 22. For a like reason we held that the owner of land abutting on a highway possessed special and peculiar rights in the highway, for the infringement of which he might maintain an action for injunctive relief without first requesting the authorities to act. *Knothe* v. *Zinzer,* 96 Conn. 709, 115 Atl. 477. While these business buildings are not in themselves a nuisance, the same analogy exists in this case; in each class of actions the special damage suffered is the foundation of the action and the request of the public authorities to stop the violation would be equally urgent. In the case before us upon the allegations the request was repeatedly made and the authorities refused to act in violation of their clear public duty. The requests did not strengthen the position of the plaintiff in the eye of the law; if she has suffered special damage in the manner alleged, "the equitable jurisdiction is clear" though no request has been made to the proper authority to stop the violation of the zoning regulations. *Euclid* v. *Ambler Realty Co.,* 272 U. S. 365, 386, 47 Sup. Ct. 114. Injunction will issue to prevent the erection of buildings in violation of a municipal ordinance or regulation though they are not nuisances *per se,* if the person seeking such injunction shows that their erection will work special or irreparable injury to him and his property. "It is only where the injury is general, and public in its effects, and no private right is violated, in contradistinction to the rights of the rest of the public, that individuals are precluded from bringing

private suits for the violation of their individual rights." *First National Bank* v. *Sarlls,* 129 Ind. 201, 204, 28 N. E. 434; *Bangs* v. *Dworak,* 75 Neb. 714, 716, 106 N. W. 780; *Griswold* v. *Brega,* 160 Ill. 490, 43 N. E. 864; *Houlton* v. *Titcomb,* 102 Me. 272, 66 Atl. 733. The erection of a structure though it is not in itself a nuisance becomes such when it is located in a place forbidden by law. *Blanc* v. *Murray,* 36 La. Ann. 162.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.