TOWN OF NEWINGTON v. ROCCO L. MAZZOCCOLI

SUPERIOR COURT HARTFORD COUNTY FILE No. 72592

Memorandum filed December 3, 1946.

*Day, Berry & Howard,* of Hartford, for the Plaintiff.

*Schatz & Weinstein, of Hartford, for the Defendant.*

INGLIS, J. This is an action for a declaratory judgment declaring that the sale of alcoholic liquor on premises known as Nos. 2 to 4 Cedar Street, Newington, is illegal, and for an injunction restraining such sale by the defendant. Since 1940 there has been in effect an ordinance of the town of Newington prohibiting the use of any premises located within five hundred

feet of a church as a package store, tavern or grill selling intoxicating liquors. The defendant is the permittee holding a restaurant beer permit for the sale of beer in the Newington Diner, which is operated by him at the above address and which premises are well within five hundred feet from the Church of Christ, Congregational.

It appears that the first restaurant beer permit for those premises was issued by the liquor control commission to one Emanuel Selicious for one year from June 9, 1942. On the application for this permit the then town clerk of the town of Newington had certified erroneously that the sale of liquor on the premises was not prohibited by any local ordinance.

On June 14, 1943, a new restaurant beer permit for these premises was issued to one Ernest E. Richards, and on the application for this permit the town clerk again erroneously had made out the same certificate. On October 8, 1943, the name of the present defendant was substituted for that of Richards as the permittee.

On the application for the renewal of the permit in June of 1944 the town clerk certified that the sale of liquor on the premises was prohibited by local ordinance, but in spite of that certification the permit was renewed to the defendant. The permit has also been renewed both in June 1945 and June 1946. Both of these renewals have been without any certificate from the town clerk.

The case has already been to the Supreme Court of Errors, *Newington* v. *Mazzoccoli,* 133 Conn. 146, and most of the questions of law involved have been decided by that court. There are now left, however, three questions. They are, first, is the restaurant a tavern or grill as those terms are used in the ordinance? Second, is the town a proper party to enforce the ordinance in this kind of an action? Third, is the town estopped by laches or otherwise to maintain the action? The first question is put in issue by the complaint, the other two by affirmative defenses in the answer.

As regards the first question it is of no consequence that the defendant's place of business is classified by the liquor control commission as a restaurant. The real question is whether it is a tavern or grill as those terms are used in the ordinance, not in the Liquor Control Act. As a matter of fact, the term "grill" is not used at all in the latter.

The ordinance is in terms directed to the prohibition of the sale of intoxicating liquor within five hundred feet of a church. That is the purpose of the ordinance. Clearly, therefore, the words tavern and grill are used in their ordinary and not in any technical sense as being places where liquor is sold. If the word tavern were used alone it might possibly be contended that the ordinance was designed to apply only to places where liquor alone was sold and where, for that reason, offensive conduct was more apt to be expected than it is in places where liquor is served in connection with food. That may be the reason why the framers of the ordinance added the word grill. In its ordinary usage the word grill means a place where food is sold. Accordingly, the only reasonable interpretation of the ordinance is that it prohibits the use of any premises within five hundred feet of a church for the purpose either of selling liquor alone in a tavern or selling food and liquor in a grill. The defendant is admittedly using the premises in question for the sale of both food and liquor. His place of business comes well within the definition of a grill as that word is commonly used. He therefore is violating the ordinance.

The second question is whether the town of Newington is a proper party to maintain an action to enforce its ordinance. This question turns on the question whether the town's justiciable interests would be injured by the violation of its ordinance. *Newington* v. *Mazzoccoli,* 133 Conn. 146, 156.

In at least one case in the Supreme Court of Errors a municipality has acted as a party plaintiff to enforce a zoning ordinance without the propriety of such procedure being called into quesion. *West Hartford* v. *Willetts,* 125 Conn. 266. In *Fitzgerald* v. *Merard Holding Co.,* 106 Conn. 475, 482, it is held that the primary duty of enforcing zoning regulations rested upon the zoning commission, which of course in reality represents the municipality, and private individuals could enforce them only if those individuals were suffering special damage as a result of a violation of the ordinances. In *Keating* v. *Patterson,* 132 Conn. 210, 212, note, it is definitely held that the municipality is a proper party to defend its zoning ordinance against attack on the ground of unconstitutionality. If a municipality has such a justiciable interest in its zoning ordinances that it is a proper party to defend them against attack on the claim of unconstitutionality, certainly that same justiciable interest gives the municipality a standing to enforce those ordin-

ances by an action for an injunction. In the light of the fore-
going authorities, it is concluded that the plaintiff here has such
an interest to uphold and enforce its zoning ordinances that it
is a proper party to seek injunctive relief against violations of
them, as it is doing in this action.

As regards the third question, the contention of the defendant
is that the plaintiff is not entitled to claim equitable relief be-
cause it is estopped to do so and also because it has been guilty
of.laches. The estoppel is claimed to rest on the fact that the
town clerk twice certified to the liquor control commission that
no local ordinance prohibited the sale of liquor on the premises,
that on the strength of that the commission issued a permit and
that the defendant, or rather the corporation in which he is
interested, had expended large sums of money in 1943 relying
on the fact that the permit had been issued.

On this matter of estoppel it should be noted, in the first
place, that the certificate of the town clerk was last made with
reference to the issuance of the permit for the year running
from June, 1943, to June, 1944. Inasmuch as each so-called re-
newal of a permit is in reality the issuance of a new permit, in
connection with which the suitability of the place should be
determined de novo, when the defendant bought the business
in 1943 he had no right to rely upon the issuance of the permit
in that year necessarily resulting in the issuance of a permit in
subsequent years. He invested his money, therefore, merely on
the chance that the permit would be reissued and he took the
risk of his right to sell being cut off in some later year.

But, more than that, it was no part of the official duties of the
town clerk as such to make the certificate in question. There is
no statute which requires him to do so. The law makes it the
duty of the liquor control commission to avoid issuing a permit
which would violate local ordinances. It is the duty of that
commission to ascertain whether any local ordinance would pro-
hibit the sale of liquor on premises for which a permit is sought.
It is accordingly only by virtue of a procedure adopted by the
commission that the town clerk is requested to make the certi-
ficate. In making it, therefore, the town clerk acts as the agent
of the commission and not as the agent of the town.

Moreover, even though the town clerk in this case had been
acting for the town, it would not follow that his acts would
raise an estoppel against the town. The rule is that although

an estoppel may be raised against a municipality by acts of its agents in connection with a contract, particularly if that contract is one entered into in its corporate capacity, no acts of its agents can estop a municipality from enforcing the law where it is acting in its governmental capacity. *Norwalk Gaslight Co. v. Norwalk*, 63 Conn. 495, 522; *Brooklyn Trust Co. v. Hebron*, 51 Conn. 22, 29; *Nicholaus v. Bridgeport*, 117 Conn. 398, 402. In the present case what the town is attempting to do is to enforce the law. As against that no estoppel can be raised on account of the action of the town clerk. Moreover, the defendant was himself bound to know the law, and the fact that he incurred expense for the purpose of violating it ought not to lay a foundation for an equitable estoppel on his behalf.

Much the same might be said as regards the defense of laches, to the point that the defense would not be available here in any event. If it is so that the doctrine of laches is applied by way of analogy to the Statute of Limitations, the same reasons which account for the rule that that statute does no bar the state or a municipality from enforcing governmental rights must apply to the doctrine of laches. *Appeal of Phillips*, 113 Conn. 40, 45.

However that may be, the premises in question were first used in violation of the ordinance in June, 1942. This action was instituted in December, 1944. In view of all of the circumstances which appear in evidence it cannot be found that there was such unreasonable delay on the part of the plaintiff town as to constitute laches.

The Supreme Court of Errors has indicated that no declaratory judgment in this case is necessary.

Judgment may enter enjoining the defendant from further using the premises in question for the sale thereon of intoxicating liquor under penalty of $1000, and that the plaintiff recover of the defendant its taxable costs.