## Bosco v. Lacich

*Chester B. Scholl*, for plaintiffs.
*John J. Regule*, for defendants.

STRANAHAN, P. J., January 9, 1968.—This matter is before the court on a complaint in equity asking that the court enjoin defendants from maintaining an air conditioning structure known as a chiller unit upon their premises, which structure plaintiffs allege is in violation of the Hickory Township Zoning Ordinance.

The facts in this case as developed by the testimony indicate that Robert P. Lacich and Georgia Lacich, his wife, reside at 1825 Parkview Boulevard, Hickory Township, Mercer County, Pa. The lot owned by defendants is situate at the northwest corner of the intersection of Parkview Boulevard and Richmond Drive. Plaintiffs own a lot which is situate immediately north of the lot owned by defendants and which faces on Richmond Drive in Hickory Township. The two lots are contiguous. The bedroom area of the Bosco house is on the south side of the house and is on the side facing the Lacich property.

On or about November 27, 1964, defendant, Robert P. Lacich, desired to install a central air conditioning system in the home he was then building, and in order to install this system, it was necessary that a chiller unit be used. This chiller unit is separate from the house and is erected on a concrete base, approximately four feet by four feet in size and about four feet in

height. At this time, Lacich went to the Hickory Township Zoning Administrator and indicated to the zoning administrator that he desired to install the chilling unit. The zoning administrator approved the installation of the chiller unit and marked in pencil on a plot submitted by Lacich the location of the unit and initialed his approval on it. The zoning administrator was of the opinion that the unit was not a structure and, therefore, constituted merely a part of the heating and cooling system of the home and, as such, did not violate the township zoning ordinance.

The chiller unit was installed by defendants and was located three inches from the property line, and only three feet from the house of defendants. The Zoning Ordinance of Hickory Township in effect at that time provided that accessory buildings must be located at least five feet from the property line and must be located a minimum of five feet from the principal structure. This ordinance, of course, was violated by the location of the chiller unit in that the unit was located too close to the property line between Lacich and Bosco, and also too close to the Lacich home. It is the location of the chiller unit some three inches from the Bosco property line that has caused the trouble between plaintiffs and defendants. This unit contains a fan which switches on and off at various intervals during the period of time that it is in use, and in switching on and off it makes a grating or metal noise which is clearly heard in the bedroom of the Bosco house.

Plaintiffs' action is an effort to enjoin defendants from using this chiller unit, because it is in violation of the Zoning Ordinance of Hickory Township, and because it is a nuisance.

The first question that this court must decide is whether plaintiffs, as adjoining property owners, have the right to seek injunctive relief in a court in equity

when plaintiffs allege that there has been a violation of the zoning ordinance. The case of DeBlasiis v. Bartell and Oliveto, 143 Pa. Superior Ct. 485, holds, among other things, that adjoining property owners, who are or will be damaged by a construction in violation of a zoning ordinance, have such a substantial interest in the enforcement of the zoning restrictions as to make them proper parties in a suit to compel their observance and for injunctive relief in equity. This case contains an exhaustive review of this problem. This case also cites with approval the case of Fitzgerald v. Merard Holding Co., Inc., 106 Conn. 475, 138 Atl. 483. The language of the Connecticut court, which is "The erection of a structure though it is not in itself a nuisance, becomes such when it is located in a place forbidden by law", is cited with approval.

We hold that plaintiffs, John A. Bosco and Hazel L. Bosco, are proper parties in this case and have the right to seek an injunction in a matter involving the violation of the township zoning ordinance.

We are required to make certain findings of fact in this case, and we, therefore, make the following findings:

FINDINGS OF FACT

1. That John A. Bosco and Hazel L. Bosco own a lot of land upon which a house is erected immediately adjacent to a house and lot owned by Robert P. Lacich and Georgia Lacich, situate in Hickory Township, Mercer County, Pa.

2. That Robert Lacich installed a chiller unit on a portion of his lot some three inches from the rear boundary line and immediately adjacent to the bedroom area of the Bosco house. This is in violation of the Hickory Township ordinance which, among other things, requires that structures shall be at least five feet from the boundary line.

3. The approval of the contemplated installation by Robert Lacich and wife and obtained from the Zoning Administrator of Hickory Township on or about November 19, 1964, is a nullity, because the chiller unit which is separate and apart from the house is, under the Hickory Township Zoning Ordinance, a structure and, therefore, the zoning administrator had no authority to permit this chiller unit to be installed contrary to the Hickory Township Zoning Ordinance, unless an exception or a variance were first obtained. The action of the zoning administrator did not constitute the issuance of a variance or exception.

4. The chiller unit as installed and in the position that it is installed creates a noise which is annoying to the normal sensitivities of a person trying to sleep in an area immediately adjacent to the chiller unit.

It is indeed unfortunate that defendants must be required to abate this nuisance, because it appears to this court that they endeavored to comply with the Hickory Township Ordinance, in that they did go to the zoning administrator, and he indicated to them that the chiller unit was not a structure, but rather was a part of the general heating system of the house.

We hold that this ruling by the administrator is in error, since it is obvious from the definition of what constitutes a structure that this unit falls in that category. A structure, under the ordinance (section 21.56), is defined as follows:

"Anything constructed or erected which requires location upon the ground or attached to something located upon the ground, including free-standing signs and billboards over 9 square feet in area, but not including fences".

This chiller unit, which is located on a cement slab and is approximately four feet long by four feet wide and some four feet high, is obviously a structure under this definition.

The court viewed both the Lacich property and the Bosco property. It is obvious to the court that the chiller unit, which is located within a few feet of the bedroom window of the Bosco home, is annoying, because when it is running it makes a metallic noise which is clearly audible to a person endeavoring to sleep in the bedroom. We realize that with the advent of air conditioning, there will be many instances in which people will be annoyed by the installation of air conditioning units, but yet we feel that when a party installs a unit of this type three inches from his rear property line and immediately adjacent to his neighbor's bedroom window, the court must find such an installation to be a nuisance, especially when the chiller unit is located in a place forbidden by the township ordinance.

We, therefore, conclude that the air conditioning chiller unit of the defendants constitutes a nuisance and should be abated. In addition to being a nuisance, we further find that the unit is in violation of the Hickory Township Zoning Ordinance in that it is located in a place forbidden by said ordinance.

It is concluded by the court that if this chiller unit were installed in compliance with the Hickory Township ordinance, then this court would find that it is no longer a nuisance and may be operated in compliance with the ordinance. The finding by this court that the chiller unit is a nuisance is not based on the general operation of the unit, but rather based on the fact that it is located immediately adjacent to, and within a few feet of, the bedroom area of plaintiff's house. We do not hold that the testimony of other witnesses who have testified that they can hear this unit going on and off, or testimony of plaintiffs that they can hear the unit going on and off from their patio or back porch is sufficient to make this unit a nuisance. The element of nuisance is found by this court merely be-

cause of the situation in which the unit is located immediately adjacent to plaintiffs' bedroom.

### DECREE NISI

And now, January 9, 1968, defendants, Robert P. Lacich and Georgia Lacich, his wife, are hereby directed to discontinue the use of the chiller unit attached to their home on the date that this decree becomes final, and shall refrain from using said unit as long as it is in its present location. It is further ordered that within six months of the date of this order, they shall remove said chiller unit from its present location and reinstall it in compliance with the terms of the Hickory Township Zoning Ordinance. When so installed, then defendants may resume use of the unit.

It is further ordered that, unless exceptions are filed to this decree nisi within 20 days from the receipt of notice thereof, the same shall become final.

It is further ordered that even after the decree becomes final, the court shall retain jurisdiction of this case in order to see to it that the order set forth is obeyed by defendants.