**Kowalski v. Shopping Cart, Inc.**

*Daniel Sherman*, for plaintiffs.
*Michael H. Egnal*, for defendant.

KELLEY, J., May 3, 1972.—This matter is before the court on a complaint in equity asking that the court enjoin defendants from maintaining upon their premises a compactor-container apparatus, which is

a device for collecting and maintaining trash and garbage, which apparatus plaintiffs allege is in violation of the Philadelphia Zoning Ordinance. Plaintiffs also seek to prohibit defendant from using the areaway in question for the delivery of merchandise by large 40-foot tractor-trailer trucks. Petition for preliminary injunction was withdrawn by plaintiffs and a final hearing was subsequently held.

## FINDINGS OF FACT

1. Plaintiffs, Leon A. Kowalski and Olive Kowalski, own 482-86-88 Green Lane, Philadelphia, Pa., having taken title by three separate deeds in 1945, 1958 and 1960 respectively.

2. Premises 486 Green Lane is occupied on the first floor by medical offices of Dr. Leon A. Kowalski, with the rear of the first floor as an apartment and the second floor for apartments.

3. Premises 482 Green Lane is a two-story dwelling occupied by plaintiffs for their own home.

4. Defendant operates a retail food market which fronts on Ridge Avenue and is numbered 6138-40 Ridge Avenue.

5. Defendant's property extends westwardly into a warehouse which can be entered through an areaway 20 feet wide by 106 feet, and which lies between 482-86 Green Lane (hereinafter referred to as 484 Green Lane).

6. Premises 482-484-486 Green Lane are zoned "R-5" Residential.

7. On April 18, 1949, an application was filed by the former owner of the premises, 6136-40 Ridge Avenue, to construct in place of the rear lot of the said premises used as open parking area a retail food market with accessory storage and workroom. The

plan attached to the zoning application, which was approved by the zoning board on May 2, 1949, showed the use of 484 Green Lane zoned "C-Residential— Open Area—20 ft. × 106 ft. 7¾ in.," as a driveway accessory to the food market.

8. The approval by the zoning board of adjustment under certificate VA 942 indicated the drive from Green Lane to continue as an areaway accessory to the food market with an open area of 20 feet by 106 feet, 7¾ inches.

9. The category "C" Residential has been relabeled "R-5" Residential for the same residential uses.

10. On May 2, 1949, the zoning board of adjustment under certificate VA 943 granted a variance for the use of 484 Green Lane as an extension of the retail food market which is zoned "C-2."

11. The area 484 Green Lane, namely 20 feet by 106 feet, represented the open area which was the basis for the zoning board of adjustment in 1949 approving a variance to close off the parking area west of the supermarket to build the addition. This areaway, 2,981 square feet, was proposed and approved to remain as an open area.

12. Even though the 1949 variance under certificate VA-943 allows for the extension of a retail food market existing at 6136-38-40 Ridge Avenue into Green Lane, the variance does not allow for any additional structures to be placed here. This would infringe on the open area requirements allowed under certificate VA-942.

13. In May of 1970, defendant placed at the head of this areaway at 484 Green Lane, a stationary garbage and trash collecting apparatus, commonly referred to as a compactor-container.

14. The compactor is approximately 38 inches long, 56 inches wide and 32 inches in height. It is

powered by a 7½ horsepower motor and a hydraulic pump.

15. The container is a steel cube approximately 22 feet long, 8 feet wide, and 8 feet high.

16. Debris from the grocery store is moved from the supermarket and the loading platform to the front of the compactor which pushes the material through the compactor into the container and, as a result, the material is compacted as it fills the container.

17. When the container is loaded, it is separated from the compactor and loaded on a vehicle for removal and is replaced by an empty container.

18. The container is removed once a week and replaced by an empty container.

19. The compactor-container apparatus, which is situated apart from the premises of the retail grocery business, is, under the Philadelphia Zoning Ordinance, a "structure", and therefore could not be installed contrary to the Philadelphia Zoning Ordinance unless an exception or variance were first obtained.

20. The compactor-container unit as installed and in the position that it is installed creates a noise which is annoying to the normal sensitivities of a person trying to sleep in an area immediately adjacent to the compactor-container apparatus.

21. The noise attendant to the continuing use of the compactor-container and the noise of the shifting of the full container which is replaced by an empty container is excessive and loud and interferes with the medical practice of Dr. Kowalski to the effect that he has difficulty hearing his patients over the noise of the compactor and it causes his medical instruments to malfunction.

22. The smell of the drippage and seepage and stench of garbage onto the areaway, with the

presence of insects and vermin attracted by the compactor-container is a continuing annoyance and discomfort and prevents the normal enjoyment and peaceful use by plaintiffs of their own home at 482 Green Lane.

23. The tenants at 486 Green Lane have much difficulty in using their apartments because of the noise, smell and discomfort and the attraction of the compactor-container to rodents and other vermin.

24. Defendant uses 484 Green Lane for the delivery of supplies to its store by 40-foot tractor-trailer trucks.

## DISCUSSION

Plaintiffs, Dr. Leon A. Kowalski and Olive Kowalski, his wife, reside at 482 Green Lane, Philadelphia, Pa. Dr. Kowalski has his offices at 486-88 Green Lane. Defendant corporation operates a retail food market at 6138-40 Ridge Avenue (through to Green Lane) which consists of two one-story brick buildings and an areaway extending to Green Lane which separates the properties 482 and 486 Green Lane from one another (hereinafter referred to as 484 Green Lane). Plaintiffs own the properties on either side of 484 Green Lane.

On or about May 1, 1970, defendant, Shopping Cart, Inc., opened a retail grocery store at 6138-40 Ridge Avenue and installed in 484 Green Lane a compactor-container system. This system is independent of the grocery store building and is bolted directly into the areaway by four ⅝-inch concrete reinforcing rods to a depth of about 3 or 4 inches.

The compactor-container unit is located adjacent to plaintiffs' home at 482 Green Lane. This trash collection unit contains a motor which switches on and off at various intervals and in switching on and

off it makes a loud disturbing noise which is clearly heard in plaintiffs' home and offices.

Plaintiffs seek to enjoin defendant from using this compactor-container unit in said areaway (484 Green Lane) alleging it is in violation of the Zoning Ordinance of Philadelphia, and that it is a nuisance.

Plaintiffs seek also to prohibit the use of 484 Green Lane for large tractor-trailer trucks to make deliveries at defendant's store. Plaintiffs claim that this is an unreasonable use of this area, causing damage to their property and loud noise so that they are not able to reasonably enjoy their home.

The first question that we must decide is whether plaintiffs, as adjoining property owners, have the right to seek injunctive relief when there is a violation of the zoning ordinance. The case of DeBlasiis v. Bartell and Oliveto, 143 Pa. Superior Ct. 485, holds that adjoining property owners who are, or will be, damaged by a construction in violation of a zoning ordinance have such a substantial interest in the enforcement of the zoning restrictions as to make them proper parties in a suit to compel their observance and for injunctive relief in equity. It also cites with approval Fitzgerald v. Merard Holding Co., Inc., 106 Conn. 475, 138 Atl. 483. The Connecticut case involves the erection of a structure, not in itself a nuisance, but which becomes such when it is located in a place forbidden by law. See also Bosco v. Lacich, 44 D. & C. 2d 361 (1968).

Assuming for the sake of argument that defendant is not violating the Philadelphia Zoning Ordinance, the issue then becomes whether or not defendant may be enjoined from conducting its business upon the area in question on the ground that it is operated in an unreasonable manner and therefore constitutes a nusiance.

We realize that one's personal comfort must be subjected to commercial necessities of carrying on trades and businesses and, although the use of the property for other than residential purposes may be an annoyance to dwellers in the vicinity, the mere fact of annoyance does not establish the existence of a nuisance and generally is not, of itself, a sufficient basis for an injunction against a particular use: Houghton et al. v. Kendrick et al., 285 Pa. 223 (1926). However,if the noise can be moderated by any reasonable means, a court of equity may grant relief: Hannum v. Gruber, 346 Pa. 417 (1943).

In this case, the major complaint of plaintiffs is that the use of the aforesaid compactor-container causes so much noise that the complainants and others cannot ordinarily sleep or rest comfortably in their home which is located adjacent to the compactor-container and Dr. Kowalski is unable to properly conduct his medical practice which is located on the other side of the areaway. Plaintiffs also allege that their tenants are continuously disturbed in their sleep because of the noise emanating from the compactor-container and from the constant noise caused by the use of the areaway by large tractor-trailer trucks. The noises occur regularly and are so pronounced as to awaken the tenants of the apartment who have been asleep and have prevented those who have not gone to sleep from doing so. There is no question that noises are brought about by the operation of the business of defendant, Shopping Cart, Inc.

Prior to May 1971, plaintiffs had not been disturbed by the operation of a retail grocery business in the same location. A retail grocery business had been located there for many years but under different management and a different mode of trash disposal and supply deliveries. It would appear, therefore, that

the conduct of the business on this location is not a nuisance per se. However, the operation of a business in an unreasonable manner is a nuisance in fact.

It cannot be questioned that a court in equity has the power to abate noise which materially interferes with the ordinary comforts of life. This is true even where the residents' use may share the area with industrial or commercial use: Krocker v. Westmoreland Planing Mill Co., 274 Pa. 143 (1922). The zoning in the present case permits residential as well as commercial use. In Sprout v. Levinson, 298 Pa. 400, 404, plaintiff lived in a commercial district set aside for business purposes only. The court observed the consequent increase in property values more than compensated the landowning plaintiff for present loss of comfort and convenience. This is contrary to the situation in the present case. The zoning here permits residential as well as commercial use. Hence, the words of the court in the Sprout case, "Though the operation complained of is in itself lawful, yet it must be carried on with due regard for the rights of others . . . ," is more applicable to our situation. The court must make an accommodation between these two competing interests, that is, the right of defendant to operate a retail grocery business and the right of plaintiffs to live in their home peacefully and to operate a medical practice in a reasonable manner, and the decision will be equitable to all concerned: Altman v. Ryan, 435 Pa. 401 (1969).

As the court said in Edmunds v. Duff, 280 Pa. 355, 364 (1924), where the court was dealing with an amusement park in a predominantly residential area:

"No man has a right to take from another the enjoyment of the reasonable and essential comforts of life and consequently, cannot commit acts on his own premises calculated to interfere with the reasonable

enjoyment by others of their homes. Even music, however elevating and enjoyable at times and depending, of course, on its character, may be continued so long as to become an annoyance to those compelled to remain in the immediate vicinity."

We hold that it is obvious from the definition of what constitutes a structure that this compactor-container unit falls in that category. A structure, defined by Title 14, Philadelphia Code, Zoning and Planning, sec. 102(54), is as follows:

"STRUCTURE: Any type or form of construction above the ground."

Further, at section 102(39), an open area is defined as follows:

"OPEN AREA: Area or space of ground or any floor level which is open to the sky."

We would then consider that this compactor-container unit is a structure. The compactor-container unit, which is located in this areaway and is altogether 25 feet long, 8 feet wide and 8 feet high, is obviously a structure under this definition.

We, therefore, conclude that the compactor-container unit of defendant constitutes a nuisance and should be abated. In addition, we further find that the unit is in violation of the Philadelphia Zoning Ordinance in that it is located in a place forbidden by said ordinance.

However, the mere fact that 40-foot tractor-trailer trucks use 484 Green Lane to make deliveries to defendant's store does not mean that this use is a nuisance. As previously stated, the operation of a retail grocery business in this location is not a nuisance per se. The zoning variance granted in 1949 for 484 Green Lane permits the extension of the retail food market into this area. Surely, the delivery of supplies is a necessary part of the operation of the

food market. Therefore, the only limitation upon the use of 484 Green Lane is that the use be reasonable.

It is sufficient to say that defendant could not operate his business without the delivery of supplies. Unfortunately for plaintiffs, this means that large tractor-trailers must use this areaway to deliver those supplies. In addition, those who reside in a city such as ours must not expect to be surrounded by the stillness which prevails in a rural district. A court of equity may be invoked to keep annoying sounds within reasonable limits. Every noise, however, is not a nuisance, nor, when produced in the exercise of a lawful business, should the strong arm of equity necessarily be extended to suppress it: McCaffrey's Appeal, 105 Pa. 253.

Under the conflicting evidence in this case, both the noise and the vibratory effect of the trucks, and in view of the great damage which defendant would sustain if enjoined against pursuing its business, this court concludes that no injunction should issue.

Therefore, we are constrained to say that defendant may use this areaway for the delivery of its supplies by 40-foot tractor-trailer trucks but it should take certain precautions. For example, defendant should install "fenders" or "bumper guards" on its loading platform to cushion the impact of the steel trucks backing into the platform. Trucks waiting in line to make deliveries should shut off their engines in order to keep noise to a minimum. Finally, defendant should make every effort to guard against any other undue noises so as to make this areaway both a means to further its own business and at the same time, a comfortable place to live for those in the vicinity.

CONCLUSIONS OF LAW

1. The installation of the compactor-container by

defendant in the areaway is a violation of the Zoning Code of Philadelphia as to "R-5" Residential classification, which prohibits any commercial type of structure. The compactor-container is a structure as defined in the Zoning Code of Philadelphia under section 102(54).

2. The installation of the compactor-container unit attached thereto is a nuisance which regularly and persistently causes such disturbing noises as to affect the comfort, peace and health of the plaintiffs and their tenants and prevents them from the reasonable enjoyment of their home.

3. The compactor-container unit attached thereto constitutes a nuisance and should be enjoined.

4. The use of the areaway by the 40-foot tractor-trailer trucks is reasonable and is not a nuisance.

## DECREE NISI

And now, May 3, 1972, in conformity with the foregoing, it is ordered and directed that:

1. Defendant remove from 484 Green Lane the compactor-container apparatus.

2. Defendant is enjoined from further use of the areaway for the storage and placement of the compactor-container.

3. Defendant is ordered to use the said areaway as an open area consistent with the zoning laws of Philadelphia, since that open areaway was a condition upon which the zoning board of adjustment approved the 1949 application to use the parking area west of the food market as an addition thereto.

4. Defendant shall cease use of this areaway for storage of trash and debris which would encroach upon the open area requirements of the Zoning Code of Philadelphia.

5. Each party to bear its own costs.

6. This adjudication shall become a part of the record of this case and the prothonotary shall give prompt notice of the filing of the same to the parties. Unless exceptions are filed within 20 days after such notice, this decree shall be entered as of course by the prothonotary as a final decree.