[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action for an injunction and damages. The plaintiff and the defendants own adjacent property. The defendants have filed a motion to strike addressed only to the third count of the complaint on grounds that the plaintiff has failed to exhaust available administrative remedies and that the court lacks subject matter jurisdiction.
The third count alleges that the defendants have an undersized lot which does not conform to the minimum lot size under the zoning regulations, and that it would be a zoning CT Page 11188 violation to construct a building on the lot. Paragraph 17 of the third count states that the defendants have commenced building on an illegal lot, and paragraph 19 alleges that the plaintiff will suffer irreparable harm from the defendants' conduct with no adequate remedy at law. When a motion to dismiss does not seek to introduce facts outside of the record, the motion to dismiss admits all well pleaded facts and the complaint is construed most favorably to the plaintiff. Sagamore Group, Inc. v. Commissioner of Transportation, 29 Conn. App. 292, 298. If the defendants want to introduce evidence outside the record, they must present it at a hearing. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56. The defendants attempt to rely upon facts outside of the record, but have offered no evidence to prove them. This includes claims that the defendants obtained a setback variance and a building permit. The defendants' brief also contains additional facts relating to the history of the defendants' lot, and sections of the zoning regulations are also quoted. Statements of counsel in briefs and at oral argument are not evidence. Moreover, even if those facts were accepted, they do not deprive the court of subject matter jurisdiction over the third count of the complaint.
Where the concept of failure to exhaust available administrative remedies applies, it is now considered as going to subject matter jurisdiction. Butzgy v. Glastonbury,203 Conn. 109, 116. When a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which they design to test. Carpenter v. Planning Zoning Commission, 176 Conn. 581, 598; Country Lands, Inc. v. Swinnerton, 151 Conn. 27, 33. The plaintiff does not challenge the granting of the setback variance, so there was no necessity to appeal it to the zoning board of appeals. The claim is that the defendants are building on an undersized lot. The issuance of a building permit is not a zoning enforcement action appealable to the zoning board of appeals under sections 8-6 and 8-7 of the General Statutes. The complaint alleges that the defendants have commenced building on an illegal lot. For whatever reason, the town officials have allowed the defendants to proceed. Exhaustion of administrative remedies is not required when the remedies available are futile or inadequate. Aaron v. Conservation Commission, 178 Conn. 173, 179; Kosinski v. Lawlor, 177 Conn. 420, CT Page 11189 424.
A property owner who is specifically injured by a zoning violation on nearby property can bring an injunction action to prevent private injury from the violation. Fitzgerald v. Merard Holding Co., 106 Conn. 475, 482-83; Cummings v. Tripp,204 Conn. 67, 90; Schomer v. Shilepsky, 169 Conn. 186, 194. In addition, any person specially and materially damaged by a violation of the zoning regulations which has occurred or is likely to occur on another's land may bring an action for an injunction without demanding action by the zoning enforcement officer and then appealing the decision of the zoning enforcement officer to the zoning board of appeals, particularly where it is not clear that a cease and desist order would be issued. Reynolds v. Soffer, 183 Conn. 67,69-71; Blum v. Lisbon Leasing Corporation, 173 Conn. 175,180.
The plaintiff also claims monetary damages in this case. The claimed administrative remedy is not adequate since a monetary award cannot be made in an administrative appeal, and when administrative relief is inadequate, a party is not required to exhaust administrative remedies. Cummings v. Tripp, supra, 80.
The motion to dismiss is denied.
Robert A. Fuller, Judge