[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs, Thomas Dingle, Zoning Enforcement Officer, and the Shelton Planning Zoning Commission, have brought this action in their official capacity against defendants, Henry and Sonja Redler, owners of residential property known as 29 Windsor Road, Shelton, Connecticut, seeking to restrain violations and enforce the zoning regulations pursuant to Connecticut General Statutes § 8-12. The property is located in a Residence R-1 Zone in the Huntington section of Shelton.
Plaintiffs complain that defendants' property is in continuous violation of the Zoning Regulations of the City of Shelton, specifically § 23.2.2, in that it is being used as a junkyard within the meaning of § 5.11 of the Shelton Zoning Regulations and in further violation of § 23, Schedule A, Items 45 and 62c, in that defendants are operating a commercial business in a residential zone by storing commercial equipment and vehicles on their property. Defendants were served with cease and desist orders as to each violation on May 28, 1999 (Pl. Exh. 11). After ten days, defendants had not yet complied with the orders (Pl. Exh. 12), and this action was instituted on July 16, 1999.
These proceedings are the result of a long history of complaints and negotiation concerning the conditions on defendants' property dating back to 1995 (Def. Exh. R), with prior service of a cease and desist order in 1998 (Pl. Exh. 5), and continuing to the present time. Although defendants have removed much of the offending materials, plaintiffs are seeking an order enjoining the defendants from continued use of the CT Page 10564 property in violation of the zoning regulations, to clean up the outside storage of materials on the property, and to remove commercial vehicles and truck bodies remaining on the property (Pl. Exh. 18). Plaintiffs also seek a civil penalty in the amount of $2500.00 and a daily monetary penalty for any continued violation. Plaintiffs also seek a finding that the violation was wilful and an order of costs and attorney's fees to be taxed by the court.
Defendants claim that plaintiffs have not sustained their burden of proof in establishing the alleged violations.
The first set of violations concerns the storage of one or more unregistered motor vehicles, parts of vehicles, metals, old materials or waste materials in violation of Shelton's Zoning Regulations §§ 5.11 and 23.2.2. Section 5.11 of the regulations reads as follows:
 "Junk Yard: The term `junk yard' shall be construed to include any `junk yard,' `motor vehicle junk business,' and `motor vehicle junk yard' as defined in the General Statutes of the State of Connecticut. The term shall also include any place of storage or deposit, whether in connection with a business or not, for one or more used motor vehicles which are either no longer intended or in condition for legal use on the public highways and shall also include any place of storage or deposit of used parts of motor vehicles and old metals, iron, glass, paper, cordage or other waste materials which on any lot have an aggregate bulk equal to one automobile. In Residence Districts the term shall also include both the outside storage of unregistered motor vehicles for periods longer than 30 days and the outside storage or deposit of parts or bodies of motor vehicles, each in such a manner as to be visible from any street or any other lot."
In support of its claims, plaintiffs offered the testimony of Thomas Dingle, Zoning Enforcement Officer, Richard Schultz, Planning Zoning Administrator, and two neighbors. Since this action primarily seeks injunctive relief, the Court will focus on conditions at the time of the trial in January 2001.
As of the April 20, 2000 inspection conducted as part of this litigation, plaintiffs concede that the rolling chassis, large junk car, engines and metal pipes originally cited had been removed from the property. Items in dispute that still remain on defendants' property with CT Page 10565 respect to the "junk yard" violation include a 55 gallon drum, various items of sheet metal and two truck bodies being used for storage. See Photographs, Pl. Exh. 17a and 17b. The neighbor, Tracy Labowsky, testified that these conditions continued to the time of trial and were clearly visible from her lot, as shown by photographs taken from her back yard. Pl. Exh. 20-1 through 20-3. See also Photographs, Exh. 19-1 through 19-15, also taken from the neighbor's yard. It was her testimony that the metal refuse shown in the photographs was consistent in amount but not necessarily in the items at any given time and continued to the time of trial.
Defendants claim that they are clearly not a "junk yard" and that all of these items are being used or intended for reuse and, in aggregate, do not equal of the bulk of more than one automobile. Defendant and his witnesses testified that he maintains his house and grounds and, particularly the front, in a well-manicured condition. Def. Exh. A-C. However, this is not a defense to the continued outside storage of metal, parts and pieces, unused items, duct work, tires and wooden pallets on the rear of the property, which is visible from another lot.
The court finds that the used parts, metal items and other unused materials clearly aggregate in excess of the bulk of one automobile, and cannot be stored outside. See, for example, Plaintiff's Exhibits 20-1,19-1, 19-9, 19-10, 19-11, 19-12, and 17a and b. It is the bulk of the outside storage of parts and unused items and materials that violates the Zoning Regulations in the residential zone. Zoning Reg. §§ 5.11.
The next items in dispute are the old truck bodies being used by defendants as storage sheds. Plaintiffs complain that these consist of the outside storage of parts or bodies of motor vehicles in violation of Zoning Regulations 5.11 and 23.2.2. Defendants claim they are storage sheds and thus are no longer parts or bodies of motor vehicles. The court disagrees. These two old trailers are clearly parts of motor vehicles with an aggregate bulk of more than an automobile, despite their present use for storage. Their use as storage sheds does not change the fact that these are motor vehicle parts, specifically used commercial trailers. Pl. Exh. 17b, 19-2, 19-6 and 19-11. They cannot be stored or deposited outside in a residential zone under the Shelton Zoning Regulations cited above.
Next, plaintiffs allege that defendants' storage of commercial equipment on his property violates the regulations against operation of a commercial business in a residential zone contained in § 23, Schedule A, Item 45 and Item 62-C of the Shelton Zoning Regulations. The specific items in question are the outside storage of defendant's utility trailer, tow motor, bulldozer, backhoe, and Mack truck. (Pl. Exh. 17a, CT Page 1056619-1, 19-12, 19-13 and 19-14.)
The court finds that the equipment in question violates the Permitted Uses found in Schedule A, § 62C of the Shelton Zoning Regulations, which reads as follows:
 "62. Accessory uses customary with and incidental to any aforesaid permitted use, subject to the securing of a special exception or submission and approval of a site plan if required for such permitted use and subject to the following additional standards and conditions applicable in Residence Districts: . . .
 c. Except in connection with a permitted farm, truck garden or commercial nursery, there shall be no more than one commercial vehicle parked or stored on any lot, and such vehicle shall not exceed 1-1/2 tons capacity." (Emphasis added).
The utility trailer and Mack truck are registered to defendant's welding business and had commercial plates. Defendant concedes that both have a capacity in excess of at least 2,000 pounds. Tr. 3/22/01, p. 6. Defendant changed the commercial registration of the trailer and the Mack truck to reduce their registered weight limit, but the court finds changing the registration in no way changes the vehicle's capacity. It is the actual capacity of the vehicle, not its registration, that violates the Zoning Regulations against parking in a residential zone. The Court finds that the capacity of the utility trailer and the Mack truck clearly exceed 1 1/2 tons and they cannot be parked or stored on a residential lot regardless of their registration.
Defendant claims the tow motor, bulldozer and backhoe are his garden equipment or "toys", being used for various projects on his property and helping neighbors. Although plaintiffs cannot claim that defendant is in the construction business, the bulldozer, backhoe and tow motor are clearly commercial equipment normally used in such business and cannot be stored in a residential zone. Again, it is the outside storage of equipment, under Schedule A, §§ 45 and 62c, which violates the Zoning Regulations, not defendants' use of equipment for pleasure.
From the evidence presented, the court finds that only the tow motor could remain as the commercial vehicle to be parked or stored on the property, since plaintiffs did not establish the capacity. The other vehicles and equipment mentioned each exceed one and a half tons capacity or are heavy duty construction equipment and must be removed. They cannot be parked or stored on the property when no work is being done on a daily CT Page 10567 basis, and particularly during the winter months.
The purpose of § 8-12 of the Connecticut General Statutes is to provide zoning enforcement officers with injunctive relief to prevent unlawful use of premises. See Planning and Zoning Commission of the Townof Lisbon v. Desrosier, 15 Conn. App. 550 (1998). The case law is clear that the town has the right to seek injunctive relief to protect the public interest. See Town of Guilford v. Landon, 146 Conn. 178 (1959);Town of Newington v. Mazzoccoli, 14 Conn. Sup. 459 (1946). An injunction sought pursuant to § 8-12 by a public official charged with the responsibility of enforcing the law does not require irreparable harm and lack of an adequate legal remedy. The zoning officer acts on behalf of the interest of all property owners within the city and, as such, need not show damage occurring to it by reason of a violation but merely a violation. Johnson v. Murzyn, 192 Conn. 802 (1984).
Accordingly, the Court finds that there has been continuing Shelton zoning violations by the defendants, Henry E. Redler and Sonja Redler, on their property at 29 Windsor Road, Shelton, Connecticut in that there has been the outside storage of a backhoe, a tow motor, a bulldozer and Mack truck and commercial trailer, each exceeding 1 1/2 ton capacity, in violation of § 23, Schedule A, Items 45 and 62C of the Shelton Zoning Regulations.
Further, the Court finds that the defendants, Henry E. Redler and Sonja Redler, violated § 23.3.3 as defined in § 5.11 of the Shelton Zoning Regulations in that there has been outside storage of two truck bodies and unused metal, wood, plastic, drum and other waste materials which have an aggregate bulk equal to more than one automobile.
The Court orders that the defendants, Henry E. Redler and Sonja Redler, remove from their property at 29 Windsor Road, Shelton, Connecticut all items which constitute zoning violations for the City of Shelton identified herein or shown in the exhibits referred to herein, including but not limited to the removal of the backhoe, the bulldozer, the Mack truck, the trailer, the two truck bodies, and certain junk materials throughout the backyard including metal, wood, and plastic items immediately.
It is further ordered that the City of Shelton, through its designated representatives, are hereby empowered to inspect the subject property at 29 Windsor Road, Shelton, Connecticut 60 days after the date of this order and to remove any items which constitute zoning violations as determined by this order and correct any zoning violations and to lien the subject property for any expenses it may suffer. CT Page 10568
The Court further enjoins the defendants from continued use of the property in violation of the zoning regulations, a violation of which constitutes civil contempt of the Court. A fine of $100 per day may be assessed for continued use of the property in violation of this order after 60 days, if found in contempt.
The Court further orders, according to § 8-12 of the Connecticut General Statutes, that the defendants pay the City of Shelton the sum of $2,500 as civil penalty for failure to comply with the cease and desist orders and taxable costs of $232.60 within 30 days.
The Court does not find that the prior violation was wilful and denies the plaintiffs' request for attorney's fees to date.
The Court
By Sequino, J.